MHH

FILED

MAR 18 2008

3-18-2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| | |
|---|---|
| United States District Court | |
| Name (under which you were convicted): Demetrius Barren | Prisoner No.: 14809-424 |
| Place of Confinement: FMC Leington, Kentucky | |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) |
| v. | Demetrius Barren |

## MOTION

(a) Name and location of court that entered the judgment of conviction you are challenging: United States District Court - Northern District of Illinois

(b) Criminal docket or case number (if you know): No. 02 CR 752

2. (a) Date of the judgment of conviction (if you know): May 20, 2005

(b) Date of sentencing: September 22, 2005

3. Length of sentence: 51 months

4. Nature of crime (all counts): Violations of §§ 1341 and 1343

**08CV1778**
**JUDGE GOTTSCHALL**
**MAGISTRATE JUDGE SCHENKIER**

5. (a) What was your plea? (Check one)

(1) Not guilty ☒    (2) Guilty ☐    (3) Nolo contendere (no contest) ☐

(b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? ____

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☒    Judge only ☐

7. Did you testify at a pretrial hearing, trial or post-trial hearing?    Yes ☐    No ☒

8. Did you appeal from the judgment of conviction?    Yes ☒    No ☐

9. If you did appeal, answer the following:

(a) Name of court: _Seventh Cir. Court of Appeals_

(b) Docket or case number (if you know): _05-3949_

(c) Result: _Conviction and Sentence Affirmed_

(d) Date of result (if you know): _____

(e) Citation to the case (if you know): _____

(f) Grounds raised: _Sufficiency of Evidence; Objections to testimony and Closing Arguments._

_____

_____

_____

_____

(g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐    No ☒

If "Yes," answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ☒    No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: _Seventh Cir. Court of Appeals_

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: __Recall of mandate_____

(5) Grounds raised: _____Booker v. United States, Sixth Amendment__

__violations_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or

application?   Yes ❑  No ☒

(7) Result: ___denied_____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or

application?   Yes ❑   No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your

motion, petition, or application?

(1) First petition:   Yes ❑   No ☒

(2) Second petition:   Yes ❑   No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____ No grounds. _____

_____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: Ineffective Assistance of counsel. Counsel Failed make proper objecting to Loss Calculation amounts.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
At sentencing counsel could have, but failed to make an objection to the court's mistaken loss calculation amounts. Counsel also Failed to present evidence and argue that the loss calculation amount was lower. Had counsel presented this issue properly Mavant's sentence would have been less, i.e., Movant would be serving less time in prison.

_____

_____

(See Memorandum) _____

_____

_____

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Ineffective Assistance counsel. Record not developed. _____

_____

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____

_____

_____

_____

_____

GROUND TWO: Ineffective Assistance of Counsel for Failing to
properly object to the restitution award for the victums.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim ):
Counsel could have, but Failed to object to and present evidence
of the Restitution award being incorrectly calculated. Counsel
should have objected to the method or procedure used by the
court to determine restitution. Had counsel done so Movant's
Restitution penalty would have been much lower.

_____(See Memorandum)_____

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☒

(2) If you did not raise this issue in your direct appeal, explain why: __Ineffective__

__Assistance of Counsel. Inadequate record for claim to be__

__presented on appeal.__

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____
_____
_____
_____

GROUND THREE: _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☐

~~(2) If you did not raise this issue in your direct appeal, explain why:~~ _____

_____
_____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____

_____

_____

_____

_____

GROUND FOUR: _____

_____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑ No ❑

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑ No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑ No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑ No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑ No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: __This is Movant's fisrt § 2255 Motion._____

_____

_____

_____

_____

_____

_____

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?     Yes ☐  No ☑

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At preliminary hearing: __Michael Fuulkner_____

   (b) At arraignment and plea: __same as above._____

   (c) At trial: __Lawrence W. Levin, 708 North Dearborn St._____
   __Chicago, ILL. 60610_____

   (d) At sentencing: _____same as above_____

(e) On appeal: __Robert k. O'reilly_____

(f) In any post-conviction proceeding: _____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☐ No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐ No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
  A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
    (1) the date on which the judgment of conviction became final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: _____

(See Memorandum)

_____

or any other relief to which movant may be entitled.


_____

Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ _____ _____ (month, date, year).


Executed (signed) on _____ (date).


_____

Signature of Movant


If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. _____

_____

_____


* * * * *

## LIBERAL CONSTRUANCE REQUEST

COMES NOW, Petitioner, proceeding pro se, who respectfully moves this Court to Liberally Construe his pleadings. <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976), ("A document filed pro se is 'to be liberally construed.'").

## GROUNDS FOR RELIEF

<u>GROUND #1:</u>  Ineffective Assistance of Counsel at Sentencing for Counsel's Failure to properly object to and Present Evidence of an erroneous Loss Calculation Amount.

<u>GROUND #2:</u>  **(a)** Ineffective Assistance of Counsel at Sentencing for Counsel's Failure to properly object to the Court's determination as to the actual "victims of his offense."

and,

**(b)** Ineffective Assistance of Counsel at Sentencing for Counsel's Failure to properly object to and Present Evidence of an incorrect Loss Amount incurred by the victims of his offense.

1.

## STANDARD OF REVIEW

Ineffective assiatnce of counsel may properly be raised in a § 2255 motion regardless of whether the issue was raised on direct appeal, as long as the petitioner presents extrinsic evidence in support of his motion. See McCleese v. United STates, 75 F.3d 1174, 1178 (7th Cir.1996). To prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) that his counsel's performance was constitutionally deficient, and (2) the deficient performance prejudiced him with regard to the outcome of the trial. See Strickland v. Washington, 466 U.S. 668, 687 (1984). See also, GLOVER v. UNITED STATES, 531 US 198 (2001), applying Strickland to claims of ineffective assistance of counsel at sentencing.

In the case at bar, Petitioner Barren contends that his sentencing counsel, Mr. Lawrence W. Levin, ("hereafter, Mr. Levin"), was constitutionally ineffective at sentencing in violation of his Sixth Amendment right to effective assistance of counsel for his criminal proceedings.

2.

**GROUND #1:**     COUNSEL FAILED TO PROPERLY OBJECT
                   TO AND PRESENT EVIDENCE OF AN
                   ERRONEOUS LOSS CALCULATIONAMOUNT

Petitioner contends that his sentencing counsel's assistance fell below the standard of reasonableness when his counsel failed to properly object to and present contrary evidence of the erroneous Loss Calculation Amount found by the Court at sentencing.

## SUPPORTING FACTS

For Petitioner's sentencing on September 22, 2005, the government presented to the Court a total Loss Calculation Amount of $808,710.00. This total amount required the Court to apply an eleven (11) point increase in Petitioner's base offense level under § 2F1.1 of the United States Sentencing Guidelines, ("U.S.S.G.'s). The government had detrmined this $808,710.00 loss amount by "taking the amount of mortgage loans issued to the buyers of Mr. Barren's properties and subtracting the purchase prices paid by Mr. Barren for the properties." (See Exhibit A, p.4, note 5 of Govt.'s version of offense.) After some limited discussions on this issue during sentencing, this Court agreed with the government's $808,710.00 loss amount and enhanced Petitioner's base offense level eleven (11) levels.

3.

## LAW AND ARGUMENT

It is Petitioner's position here that although the government's "**formula**" for determining loss amount may be correct, Petitioner argues that the loss amount "**figures**", (the numbers), used by the government in reaching the $808,710.00 loss amount were incorrect resulting in the $808,710.00 amount being incorrectly attributed to Petitioner.

Attached as Exhibit B, is a copy of the government's loss calculation sheet that the government presented to the Court at sentencing. This sheet displays the government's **formula** and **number figures** for thier loss determination. This Exhibit shows the property purchased by Petitioner Barren, the price he paid for each property, the loan amounts and, the allege loss by each lender. Based on these figures the government determined the $808,710.00 loss amount. However, Petitioner has acquired legal documents showing that at least one lender listed on the government's loss calculation sheet, (Ex. B), recovered an amount "greater than" that shown by the government on thier loss calculation sheet and, based on this greater amount being recovered, the total loss calculation amount in the government's sheet is "less than" the $808,710.00 amount. In fact, the recovered amount reduces this $808,710.00 amount **below** $800,00.00. As such, Petitioner's eleven (11) point enhancement would be a ten (10) point enhancement, thus, reducing Petitioner's base offense level and sentence.

4.

Attachment D is a record of a  Cook County recorder .. . .

of Deeds for the property of 4454 W. Westend. (See #26 on

Govt. loss cal. sheet.) This document shows that the lender

received at least $88,500.00 of the $108,000.00 loan amount

for the property. [1] Yet, the government's loss calculation

sheet shows that this lender only received $55,00.00 of the

$108,00.00 loan amount resulting in a loss to the lender

of $53,000.00. This $53,000.00 loss amount was attributed to

petitition and included in the total $808,710.00 loss figure.

As Exhibit D shows, however, the lender recovered $88,500.00.

Subtracting this $88,500.00 amount from the $108,000.00

for the loan leaves an amount of $19,500.00. The loss to the

lender is $19,500.00 and not the $53,000.00 amount presented

by the government in its loss calculation sheet. This is

a $33,500.00 difference in loss. If this $33,500.00 is then

subtracted from the total $808,710.00 loss amount it would

leave a total loss amount of $775,210.00. This amount falls

below $800,000.00 and only a ten (10) point enhancement and not

the eleven (11) point enahancement Petitioner actually received.

---

[1] Although this document shows a greater recovery of the loan
than that set forth on the government's loss calculation sheet,
Petitioner notes for the Court here that on 12/14/2000, the
lender "Released" this "loan". This means that the lender
sold the loan and lost nothing.

## COUNSEL'S DEFICIENT PERFORMANCE:

Here, had Petitioner's counsel, Mr. Levin, done some basic research or investigation into this matter, which would have been reasonable under the circumstances, counsel would have discovered the same Cook County records and been able to properly object to and present this evidence, and other evidence, to refute the total loss calculation amount presented by the government. Hence, counsel's failure to do was "unreasonable" because prudent counsel, adequate counsel under the Sixth Amendment, would have discovered this ready available information. Therefore counsel's assistance was ineffective and therefore deficient.

## PREJUDICE:

In GLOVER v. UNITED STATES, the Supreme Court held that ("an allegation that a Federal District Court's erroneous sentencing unlawfully increased defendant's prison sentence establishes prejudice for SIxth Amendment purposes.") Id.

Here, had counsel properly objected to and presented evidence supporting an incorrect loss calculation amount the outcome of Petitioner's sentencing would have been different. Petitioner would have received only a ten (10) point enhancement and not the eleven (11) point enhancement he actually received. With the ten (10) point enhancement Petitioner would have received a base offense level of 22, criminal history catagory II,

6.

a guideline sentencing range of 46 to 57 months. Initially,
this Court sentenced Petitioner at the low end of his base
offense level of 23, resulting in a sentence of 51 months.
Thus, with a proper objection by Mr. Levin Petitioner would
have received a sentence at the low end of the base offense
level of 22. This would have been a sentence of 46 months for
Petitioner. However, Mr. Levin did not object or present the
evidence to warrant this lesser sentence. Had he done so,
Petitioner would be serving less time in prison. See GLOVER,
Id. As the Supreme Court stated in GLOVER, an extra day in prison
constitutes prejudice if it is the result of counsel's
ineffectiveness.  Thus, Petitioner suffered **prejudice.**


### RELIEF REQUESTED

Petitioner asks this Court to promptly grant him an
evidentiary hearing on this matter, or, find counsel ineffective
under the Sixth Amendment and re-sentence him to the 46 months
that should have been initially given.

**GROUND #2:**    COUNSEL FAILED TO PROPERLY OBJECT
TO AND PRESENT EVIDENCE OF AN
ERRONEOUS RESTITUTION AWARD

Petitioner contends that his sentencing counsel's Assistance fell below the standard of reasonableness when his counsel failed to:

(a) Object to the "alleged" victims of his offense, and

(b) To object to the amounts the victims alleged to have loss.


## SUPPORTING FACTS

At Petitioner's September 22, 2005, sentencing the government requested the Court to provide three (3) victims Restitution in the total amount of $860,983.00. (See Exhibit C, Govt.'s Restitution sheet). Based on this request by the government and, with no objection by Mr. Levin, the Court awarded Restitution to the victims set forth in Exhibit C in the above amount requested by the government.


**CLAIM (a):**    ALLEGED VICTIMS OF OFFENSE OF CONVICTION

Petitioner contends that the only victims of his offense were those who were apart of his offense of conviction. And Further, that the victims listed in the government's Restituion Award sheet, Exhibit C, were not the victims of his offense.

## LAW AND ARGUMENT

Restitution orders are limited to: (1) losses caused by the specific conduct that is the basis of the offense of conviction; (2)losses caused by conduct committed during an offense that has the element that involves a scheme, conspiracy, or pattern; and (3) restitution agreed to in a plea agreement. (See 18 U.S.C. §§ 3663 & 3663A; Hughey v. United States, 495 U.S. 411, 413 (1990) and United States v. Belk, 435 F3d. 817,819 (7th Cir. 2006). These limitations are based on the language of the restitution statutes. Hughey, at 416-20. Both §§ 3663 & 3663A refer to restitution to victims of "the offnese," and this language has been interpreted to mean the offense of conviction. Hughey, at 416. Thus, under Hughey, both **the amount** of the restitution and **the persons** to whom such an award may be directed are limited by the circumstances of the offense for which a defendant has been convicted.

Petitioner argues that this Court's awarding Restitution in **the amount** of $860,983.00 to **the persons,** (victims), was an error because the amounts awarded and the victims to which the Restitution award went to "were not part of his offense of conviction".

Exhibit C HomEq Mortgage Loan Services, Bank of America and Litton Loan Services as the victims. However, according to the counts set forth in his indictment these lender were not

9.

"**victims**" of his offense of conviction. Instead, Petitioner's indictment, as well as the counts to which he was convicted of, show the following lenders as victims.

Count 1: The Money Store

Count 2: Mortgage Lenders Network USA, Inc

Count 3: The Money Store

Count 4: The Money Store

Count 5: Franklin Financial Corporation

(See Exhibit **D**, Petitioner's Indictment. See also, Ex. B, Govt.'s Loss Cal. Sheet.)

Both Petitioner's indictment as the government's loss calculation sheet show "victims" other than those listed in the government's restitution Aard sheet, Exhibit C. Neither document shows HomEq, Bank of America or Litton Loan services as primary lenders, or, as the "**victims of Petitioner's offense of conviction.**"

In sum, the Court's awarding Restitution to the victims submitted by the government was unauthorized under §§ 3663 & 3663A and Hughey.

Finally, this Court should note that under the Mandatory Victim Restitution Act ("MVRA"), a victim is defined as "either a person directly and proximately harmed ... or in the case of a scheme , conspiracy, or pattern of criminal activity,

those victims in his indictment. Those victims set forth in
his indictment are:

1) The Money Store, in Count's One, Three, and Four;

2) Mortgage Lenders Netword USA, Inc.; and,

3) Franklin Financial Corporation.

These Lenders are the "victims of Petitioner's offense of
conviction." Further, the properties that these Lenders are
alleged to have provided Petitioner Loans for total $509,300,00.
(See Govt.'s Loss Cal. Sheet, Exhibit B, numbers 21, 22, 28,
37, and 42). This above amount is far less than the $860,983.00
that Petitioner is now required to apy for Restitution. This
amount was determined incorrectly.

   In sum, had Petitioner's counsel lodged aproper objection
the outcome of Petitioner's Restitution Aarad would have been
far less. This is **Prejudice**.

**CLAIM (b):**  ERROR IN PROCEDURE USED TO FIND RESTITUTION AMOUNT

Petitioner contends that his counsel was constitutionally ineffective for his failure to object to and present evidence of the Court's incorrect procedures for determining Restitution Amount.

Title 18 U.S.C. § 3663A(b)(1)(B) compels a District Court to determine Restitution AMount using the method or procedure outlined therein. In U.S. v. LEAHY, 464 F.3d 773, 793 (7th Cir. 2006), the Court of Appeals stated that:

> "To calculate the restitution amount, the
> district court must determine the loss
> caused by the crime, which is the greater
> of (1)the value of the property on the
> date of the ..., loss, or (2) the value of
> the property on the date of sentencing."

> "The Court must then subtract from that
> amount the value of any property returned."

(See also, Title 18 U.S.C. § 3663A(b)(1)(B)).

In the instant case, these above procedures were not used by this Court in determining Petitioner's restitution amount of $860,983.00. At his sentencing on September 22, 2005, this Court accepted the government's restitution calculation, without any objection from Petitioner's counsel, and ordered

Petitioner to pay.

## DEFICIENT PERFORMANCE:

Here, Petitioner's counsel, Mr. Levin, should have objected to the Court's method, or, non-use of these Statutory procedures to determine Petitioner's restitution amount. Further, Mr. Levin should have provided the Court with "ready available" evidence to prove that the $860,983.00 restitution amount found by the Court was incorrect, i.e., much more than it should have been.

Attached as Exhibit E are copies of additional records from the Cook County Recorder of Deeds. these documents demonstrate that nearly each Lender received their properties back and some Lenders either resold the property or "Released" the Loan, i.e., completely sold the entire Loan, and, therefore, had no loss at all.

Nevertheless, using the formula set forth in LEAHY, this was to subtract from the loan amounts the value of any property returned.

In Exhibit C, the Govt.'s Restitution Sheet, the government sought, (or the victims sought), restitution on only Eleven (11) properties. (See Exhibit C). HomEq sought $668,426.00 for eight (8) properties. However, according to the documents set

14.

forth in Exhibit E, HomEq, after receiving the retured properties, resold the properties and received a total amount of $431,000.00. Based on these authentic documents, HomEq did not loss $668,426.00. Further, Bank of America alleges a total loss of $120,908.00, and, Litton Loan Services alleges a loss amount of 71,649.00. However, the properties that these Lenders sought restitution for were returned to these Lenders.

Using the procedure outlined by LEAHY, and, § 3663A, this Court was to subtract "the value of the properties returned." According to the documents set forth in Exhibit E, the "value of the properties returned" was at least $431,000.00. This amount subtracted from the $860,983.00 restitution awarded at sentencing is a difference of $429,000.00.

Petitioner's counsel, Mr. Levin, should have objected. His failure to do so constitutes Deficient Performance under Strickland.

### PREJUDICE:

Based on the above it is clear that absent counsel's error in failing to object and present the proper facts and evidence to the Court, the outcome of Petitioner's sentencing proceedings would have been different. This is to say that, absent counsel's errorsPetitioner's restitution penalty of $860,983.00 would have been far less. Petitioner would be required to pay only half this amount. This is Prejudice.

15.

## RELIEF SOUGHT

Petitioner asks this Court to promptly hold an evidentiary hearing on any disputed matter herein, or, allow him to receive a new sentence with a much lower restitution penaly.

**WHEREFORE**, Petitioner Demetrius Barren prays that this Honorable Court Grant his requests herein.

Respectfully submitted,

Demetrius Barren, Pro se

# Memorandum

United States Attorney
Northern District of Illinois

| Subject | Date |
|---|---|
| **United States v. Demetrius Barren and Julian Bishop**<br>**No. 02 CR 752** | May 26, 2005 |

To   Jason Christiansen, U.S. Probation Officer   From   Brian Havey
     Lawrence Levin
     William Hooks

## GOVERNMENT'S OFFICIAL VERSION OF THE OFFENSE

### I.    Background

This is a mortgage fraud case. It involves a real estate investor, Demetrius Barren, who was conducting fraudulent real estate transactions with the assistance of appraisers and mortgage loan brokers, including Carl Miller, Julian Bishop, and Kenneth Washington.

On July 31, 2002, a grand jury returned a five-count indictment against Barren, Miller, Bishop, and Washington. Barren was named in all five counts of the indictment. Count One charged Barren with mail fraud, in violation of 18 U.S.C. § 1341, and Counts Two through Five charged Barren with wire fraud, in violation of 18 U.S.C. § 1343. Miller was named in Counts One and Three. Bishop was named in Counts Two and Four. Washington was named in Count Two only.

On November 25, 2002, Washington entered a guilty plea to the charge in Count Two of the indictment. The government subsequently moved to vacate Washington's plea agreement as a result of new criminal conduct, and Washington then entered a guilty plea pursuant to a superseding plea agreement on May 2, 2005. He is awaiting sentencing.

On June 24, 2003, Miller entered a guilty plea to the charge in Count One of the indictment. He too is awaiting sentencing.

Barren and Bishop went to trial. The trial commenced on May 2, 2005, and concluded on May 20, 2005, when the jury returned guilty verdicts as to both defendants.

The charges each carry a maximum term of imprisonment of five years; a maximum fine of $250,000, twice the gross gain from the offense, or twice the gross loss, whichever is greater; together with any restitution ordered by the Court.

Memorandum
May 26, 2005
Page 2

A copy of the indictment is attached hereto. The investigating agent is Lionel Craft of the FBI. He can be reached at (312) 786-2663.

## II. Facts

During the period from about 1997 through at least 1999, Barren bought numerous cheap, dilapidated houses in Chicago and then quickly resold them at inflated prices. Many of the buyers were lower income, first-time property buyers. Barren enticed them into buying his properties by promising to rehab the properties for them, locate tenants, and pay the first few mortgage payments until the properties began generating income. He also told them that they would not have to put any money down or pay closing costs. Barren persuaded many people to buy two or three properties at a time, even though they didn't have the income or the credit to qualify for a mortgage. Barren rushed them through the closings, which usually were conducted by his own attorney, Aaron Spivack.

Barren's promises to rehab the properties and to assist the buyers in securing tenants turned out to be empty. After the closings, Barren would stop returning their phone calls and was not responsive to their complaints.

The buyers, who did not have the financial means to rehab the properties or pay the mortgages, got crushed in debt. The properties typically went into foreclosure, leaving the buyers with nothing but hundreds of thousands of dollars in unpaid loan debt and damaged credit. Some of them filed for bankruptcy.

Barren made money by selling the properties at prices which were grossly inflated. He was able to inflate the value of the properties by procuring inflated appraisals from his co-schemers. Barren primarily used one appraiser, Melva Wynn, who shared office space with him.[1] Another appraiser who prepared fraudulent appraisals for Barren was Washington, who prepared three fraudulent appraisals for him.

Barren was also assisted in his scheme by at least two mortgage loan officers, Miller and Bishop. Miller was employed by Oxford Financial Services, and Bishop worked at Illinois Capital Corporation, both of which were located in Chicago, Illinois. Barren referred property buyers to Miller and Bishop to procure mortgage loans for them. Miller and Bishop put together loan

---

[1] Wynn has been convicted of preparing inflated appraisals in an unrelated mortgage fraud case (*United States v. Melva Wynn*, No. 00 CR 586-5). In her plea agreement in that case, Wynn acknowledged as relevant conduct that she prepared fraudulent appraisals for Barren.

Victim Information

Case Name: U.S. v. Julian Bishop

AUSA: Brian Havey

Number:    02 CR 752-3

| Name. | Account No. (if applicable) | Address | City | State | Zip Code | Amount | SSN & telephone (for individuals) |
|---|---|---|---|---|---|---|---|
| HomEq Mortgage Loan Servicing | Property Address: 211 N. LeClaire Chicago, IL | 4837 Watt Avenue CA3120 Attn: Barbara Kidd, Fraud Investigator (916) 339-6240 | North Highlands | CA | 95660 | $85,487 | |
| Bank of America | Property Addresses: 647 N. Laramie Chicago, IL; 4735 W. Huron Chicago, IL | 9000 Southside Boulevard FL9-100-07-09 Attn: James Dodd, Legal Department (904) 722-7348 | Jacksonville | FL | 32256 | $120,908 | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

FEDERAL RULES OF CRIMINAL PROCEDURE 32(c)(3)(A) THEREAFTER. THE PROBATION OFFICER WHO PREPARED A COPY OF THE REPORT WILL BE PROVIDED TO THE DEFENDANT, THE ATTORNEY FOR THE DEFENDANT, AND THE ATTORNEY FOR THE GOVERNMENT.  PARTIES ARE PROHIBITED, PURSUANT TO LOCAL RULE, FROM DISCLOSING THIS REPORT OR ITS CONTENTS TO CODEFENDANTS OR PARTIES OUTSIDE OF THIS CASE.

August 4, 2005

**DEFENDANT:**          **BARREN, Demetrius**

**DOCKET NUMBER:**       02 CR 752-1

**DISPOSITION DATE:**    **September 16, 2005 at 9:00 a.m.**

**OFFICER'S NAME:**      **Jason D. Christiansen**

Enclosed is the final copy of the presentence investigation report in the above-named case.

If the defendant is unable because of language barriers to read or fully understand the contents of the report and defense counsel does not have translation resources, please contact the District Court's Official Court Interpreter, Mr. Kevin Devany, at (312) 435-5837.

JDC:sm

cc:    Brian Havey
       Assistant U.S. Attorney
       U. S. Courthouse - 5th Floor
       219 South Dearborn Street
       Chicago, Illinois  60604

       Lawrence Wolf Levin
       Attorney at Law
       708 North Dearborn Street
       Chicago, Illinois 60610

       Demetrius Barren
       9126 South Bishop
       Chicago, Illinois 60620

Memorandum
May 26, 2005
Page 3

application packages on behalf of the buyers. Miller and Bishop then sought out and located mortgage lending companies to finance the buyers' purchases of the properties at the prices at which Barren was seeking to sell the properties. Miller and Bishop submitted loan application packages to various mortgage lending companies.

Miller and Bishop submitted false and fraudulent documents to the mortgage lending companies, including, but not limited to, the following: inflated property appraisal reports; false verifications of deposit; fabricated employment records, such as fabricated earnings statements and W-2 Wage and Tax Statements which inflated the buyers' true earnings; and fraudulent loan applications. The loan applications falsely stated that the buyers intended to use the properties as their "primary residence," when in fact, as Miller and Bishop knew, the buyers did not intend to do so, and that the buyers had made payments toward the purchase of the properties, when in fact, as Miller and Bishop knew, the buyers had not made any payments and did not intend to do so. Some loan applications also overstated the buyers' gross monthly income. In addition, Miller and Bishop intentionally concealed from lenders that certain buyers were purchasing multiple properties from Barren and were seeking multiple mortgage loans from different lenders. These false statements and omissions were material to the lenders' decisions to issue mortgage loans to the buyers, and were made for the purpose of inducing the lenders to issue loans in amounts greater than the true values of the properties and to individuals who were not qualified for the loans. As Miller and Bishop well knew, the lenders would rely on the false statements contained in the loan documents which they had submitted to the lenders.

As a result of the fraudulent acts and omissions of Barren, Miller, Bishop, Washington, Wynn, and others, various lenders unwittingly issued mortgage loans in amounts which exceeded the true values of the properties, and issued those loans to individuals who were not financially qualified for the loans and could not afford to make payments on the loans. Buyers defaulted on the loans, resulting in losses to the lenders. The lenders could not fully recover their losses by foreclosing on the properties because they had issued mortgage loans in amounts greater than the values of the properties.

During the period of the scheme, Barren bought and sold at least forty-eight properties at a total price of at least $4,784,400 and, with the assistance of his co-schemers, he procured at least $3,601,485 in mortgage loans for the buyers of his properties.[2]

---

[2] Those figures are set forth in a spreadsheet which was admitted at trial as Government Exhibit 103 (a copy of that spreadsheet is attached hereto). The totals referenced above are listed on the bottom of the third page of the spreadsheet. Those totals are conservative because the government did not have complete information for each property transaction, where noted on the spreadsheet by the letter "U" (meaning unknown).

Memorandum
May 26, 2005
Page 4

## III.　Victim Impact Statement

Mortgage lenders relied on the fraudulent loan application packages which Miller and Bishop had put together and submitted. As a result, the mortgage lenders issued loans to individuals who were not otherwise qualified for the loans, and in amounts greater than the true values of the properties. The lenders incurred losses when the buyers defaulted on the loans and the properties went into foreclosure. The government has not yet obtained restitution information from each of the lenders who issued mortgage loans for the forty-eight properties sold by Barren. So far, the government has obtained restitution information regarding the properties listed in the attached victim restitution forms.[3]

## IV.　Sentencing Guideline Calculations[4]

### Demetrius Barren

Under Guideline § 2F1.1(a), the base offense level is 6. The base offense level should be increased by eleven levels under Guideline § 2F1.1(b)(1)(L) because the amount of the loss from the offenses is more than $800,000.[5] The offense level should be increased by two levels under Guideline § 2F1.1(b)(2) because the offense involved more than minimal planning and a scheme to defraud more than one victim. The offense level should be increased by an additional four levels under Guideline § 3B1.1(a) because Barren was an organizer and leader of the offenses. The resulting offense level total is 23. Combining that offense level total with Barren's criminal history category of I results in a Sentencing Guideline range of 46-57 months.

---

[3] There are two forms attached: one for Barren and one for Bishop. The forms are different in that the form for Barren includes losses incurred in connection with mortgage loans procured by Miller, for which Bishop is not responsible.

[4] The following Sentencing Guideline calculations are based on the Sentencing Guidelines in effect at the time of the offenses (1997 through 1999), as such Guidelines are more favorable to Barren and Bishop than the current Guidelines.

[5] The government has calculated a conservative loss estimate of $808,710 by taking the amount of the mortgage loans issued to the buyers of Barren's properties and subtracting the purchase prices paid by Barren for the properties. (Those totals are not shown on Government Exhibit 103; they are referenced on a second spreadsheet captioned "Loss Calculations" which was prepared for purposes of sentencing.) This $808,710 loss estimate is conservative because the government does not have complete information for every property transaction conducted by Barren.

<u>Loss Calculations</u>

| | Property Address | Date of Purchase | Purchase Price | Date of Sale | Sale Price | Mtg. Broker | Primary Mortgage Company | Primary Mortgage Amount | Demetrius Barren Mtg. Amt. Less Purchase Price | Julian Bishop Mtg. Amt. Less Purchase Price |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1536 East 73rd Place Chicago, IL 60619 | U | U | 05/30/96 | 75,000 | Illinois Capital | EQ | 67,500 | | |
| 2 | 5216 West Monroe Chicago, IL 60644 | U | U | 01/17/97 | 115,000 | Illinois Capital / Julian | EMC | 97,750 | | |
| 3 | 307 North Mason Chicago, IL 60644 | HUD1 3/3/97 | 53,000 | 02/27/97 | 75,000 | Illinois Capital | WSI | 68,310 | 15,310 | 15,310 |
| 4 | 5624 S. Wolcott Chicago, IL 60636 | Approx. 3/7/97 | 30,000 | 02/28/97 | 70,000 | Illinois Capital | WSI | 62,000 | 32,000 | 32,000 |
| 5 | 4320 West Maypole Chicago, IL 60624 | Approx. 3/31/97 | 80,000 | 03/21/97 | 115,000 | Illinois Capital | NLC | 103,500 | 23,500 | 23,500 |
| 6 | 3638 W. Flournoy Chicago, IL 60624 | U | U | 03/27/97 | 120,000 | Oxford Financial | MMC | 108,000 | | |
| 7 | 5442 West Walton Chicago, IL 60651 | Approx. 4/3/97 | 66,000 | 03/31/97 | 129,000 | Oxford Financial | WSI | 116,100 | 50,100 | |
| 8 | 4945 W. Augusta Chicago, IL 60651 | U | U | 04/29/97 | 118,000 | Oxford Financial | MB | U | | |
| 9 | 4849 West Ferdinand Chicago, IL 60644 | U | U | 04/29/97 | 145,000 | Oxford Financial | TMS | U | | |
| 10 | 3430 W. Fulton Chicago, IL 60624 | U | U | 04/29/97 | 138,000 | Oxford Financial | WSI | 124,200 | | |
| 11 | 5011 W. Erie Chicago, IL 60644 | Approx. 6/23/97 | 60,000 | 05/29/97 | 124,000 | Illinois Corp / Illinois Capital | EQ | 111,600 | 51,600 | |
| 12 | 3642 West Flournoy Chicago, IL 60624 | Approx. 7/7/97 | 71,000 | 06/06/97 | 121,000 | Illinois Capital | WSI | 96,800 | 25,800 | 25,800 |
| 13 | 2920 W. Monroe Chicago, IL 60612 | U | U | 06/25/97 | 115,000 | Oxford Financial | MMC | 103,500 | | |
| 14 | 4617 West Erie Chicago, IL 60644 | Deed 7/1/97 | 42,000 | 06/26/97 | 109,000 | Illinois Capital | MLN | 93,500 | 51,500 | 51,500 |
| 15 | 818 North Lavergne Chicago, IL 60651 | Approx. 7/9/97 | 77,000 | 06/30/97 | 119,000 | U | CCM | U | | |
| 16 | 3318 West Maypole Chicago, IL 60624 | U | U | 06/30/97 | 120,000 | Oxford Financial | WSI | 108,000 | | |
| 17 | 4107 South Indiana Chicago, IL 60653 | U | U | 07/11/97 | 105,000 | Oxford Financial | PMI | 89,250 | | |
| 18 | 211 North Lockure Chicago, IL 60644 | 8/8/97 | 65,000 | 07/25/97 | 120,000 | Illinois Capital | TMS | 108,000 | 43,000 | 43,000 |
| 19 | 4701 West Ohio Chicago, IL 60644 | U | U | 07/28/97 | 104,000 | Illinois Capital | MLN | U | | |
| 20 | 3847 Lexington Chicago, IL 60624 | U | U | 07/31/97 | 120,000 | Oxford Financial | TMS | 108,000 | | |
| 21 | 1011 North Karlov Chicago, IL 60651 | Approx. (Disb. Rpt.) 8/4/97 | 59,000 | 08/04/97 | 105,000 | Oxford Financial | TMS | 94,500 | 35,500 | |
| 22 | 647 N. Laramie Chicago, IL 60651 | Approx. (Disb. Rpt.) 8/11/97 | U | 08/08/97 | 110,000 | Illinois Capital | MLN | 93,500 | | |
| 23 | 15733 S. Ingleside Dolton, IL 60419 | U | U | 08/08/97 | 110,000 | Oxford Financial | PMI | 99,000 | | |
| 24 | 4735 West Huron Chicago, IL 60644 | Approx. 8/19/97 | 65,000 | 08/12/97 | 115,000 | Illinois Capital | NCHE | 97,750 | 32,750 | 32,750 |
| 25 | 3219 W. Maypole Chicago, IL 60624 | U | U | 08/12/97 | 118,000 | Oxford Financial | SB | 106,200 | | |
| 26 | 4254 West Westend Chicago, IL 60624 | Approx. 9/10/97 | 55,000 | 08/21/97 | 120,000 | Oxford Financial | MMC Assigned To THS | 108,000 | 53,000 | |
| 27 | 911 N. Harding Chicago, IL 60651 | Approx. 9/10/97 | 60,000 | 08/25/97 | 120,000 | Oxford Financial | PMI | 108,000 | 48,000 | |
| 28 | 608 N. Christiana Chicago, IL 60624 | Approx. 9/23/97 | 65,000 | 09/08/97 | 122,000 | Oxford Financial | TMS | 109,800 | 44,800 | |
| 29 | 913 N. Homan Chicago, IL 60651 | U | U | 09/08/97 | 110,000 | Oxford Financial | PMI | 99,000 | | |
| 30 | 4236/39 W. Wilcox Chicago, IL 60624 | U | U | 10/17/97 | 115,000 | L.A. Worldwide | WM | 92,000 | | |
| 31 | 5018 S. Michigan Chicago, IL 60615 | U | U | 10/24/97 | 140,000 | Oxford Financial | MMC | 119,000 | | |

## Loss Calculations

| | Property Address | Date of Purchase | Purchase Price | Date of Sale | Sale Price | Mtg. Broker | Primary Mortgage Company | Primary Mortgage Amount | Demetrius Barren Mtg. Amt. Less Purchase Price | Julian Bishop Mtg. Amt. Less Purchase Price |
|---|---|---|---|---|---|---|---|---|---|---|
| 32 | 3421 W. Grenshaw Chicago, IL 60624 | Approx 11/20/97 | 45,000 | 10/24/97 | 118,000 | L.A. Worldwide | WM | 94,400 | 49,400 | |
| 33 | 1511 S. Trumbell Chicago, IL 60623 | Approx. 11/14/97 | 49,000 | 10/29/97 | 118,000 | Oxford Financial | MMC | 88,500 | 39,500 | |
| 34 | 532 N. Hamlin Chicago, IL 60624 | Approx 11/7/97 | 66,500 | 10/30/97 | 125,000 | Oxford Financial | CCM | 100,850 | 34,350 | |
| 35 | 3110 W. 5th Ave. Chicago, IL 60612 | HUD1 11/11/97 | 40,000 | 11/10/97 | 85,000 | Oxford Financial | MCA | 68,000 | 28,000 | |
| 36 | 1648 S. Harding Chicago, IL 60623 | Approx 11/20/97 | 54,000 | 11/12/97 | 110,000 | Illinois Capital | CMC | 88,000 | 34,000 | 34,000 |
| 37 | 4019 West Monroe Chicago, IL 60624 | HUD1 11/21/97 | 40,000 | 11/20/97 | 105,000 | Illinois Capital | TMS | 84,000 | 44,000 | 44,000 |
| 38 | 3344 W. Van Buren Chicago, IL 60624 | U | U | 12/10/97 | 125,000 | Oxford Financial | U | U | | |
| 39 | 4108 West Congress Parkway Chicago, IL 60624 | U | U | 12/23/97 | 120,000 | L.A. Worldwide | WM | 108,000 | | |
| 40 | 5302 South Justine Chicago, IL 60609 | U | U | 01/23/98 | 69,000 | L.A. Worldwide | UFM | 62,100 | | |
| 41 | 2823 West Flournoy Chicago, IL 60612 | U | U | 02/26/98 | 116,500 | L.A. Worldwide | ACC | 87,375 | | |
| 42 | 4942 W. Washington Blvd. Chicago, IL 60644 | Approx 12/18/98 | 54,900 | 02/05/99 | 150,000 | Guaranteed Mortgage | FF | 127,500 | 72,600 | |
| 43 | 1925 East 169th Place South Holland, IL 60473 | 06/30/95 | 174,900 | U | U | U | U | U | | |
| 44 | 1801 215th Place Saux Village, IL 60411 | 06/05/97 | 51,500 | U | U | U | U | U | | |
| 45 | 11532 S. Princeton Chicago, IL 60619 | 02/19/98 | 70,000 | U | U | U | U | U | | |
| 46 | 6240 S. Talman Chicago, IL 60629 | 12/04/98 | U | U | U | U | U | U | | |
| 47 | 5009 W. Chicago Ave. Chicago, IL 60651 | 05/19/99 | U | U | U | U | U | U | | |
| 48 | 4945 W. Ferdinand Chicago, IL 60644 | 08/11/99 | 50,000 | U | U | U | U | U | | |
| | | | | | | | | | 808,710 | 301,860 |

Lenders
ACC = Americredit Corporation of California
CCM = Creve Coeur Mortgage
CMC = Cityscape Mortgage Corporation
EQ = EQ Financial, Inc.
EMC = Equity Mortgage Corporation
FF = First Franklin

MCA = MCA Mortgage Corporation
MLN = Mortgage Lenders Network U.S.A. Inc.
MB = Mercantile Bank
MMC = Mercantile Mortgage Company
NCHE = Nations Credit Home Equity Corporation
NLC = National Lending Center, Inc.

EXHIBIT C.

Victim Information

Case Name: U.S. v. Demetrius Patten

AUSA: Brian Havey

Number: 02 CR 752.1

| Name | Account No. (if applicable) | Address | City | State | Zip Code | Amount | SSN & telephone (for individuals) |
|---|---|---|---|---|---|---|---|
| HomEq Mortgage Loan Servicing | Property Addresses: • 211 N. LeClaire; • 4454 W. Westend; • 911 N. Harding; • 1011 N. Karlov; • 608 N. Christiana, • 3847 W. Lexington; • 1511 S. Trumbull; • 5018 S. Michigan Chicago, IL | 4837 Watt Avenue Attn: Barbara Kidd, Fraud Investigator (916) 339-6240 | North Highlands | CA | 95660 | $668,426 | |
| Bank of America | Property Addresses: • 647 N. Laramie, Chicago, IL; • 4735 W. Huron Chicago, IL | 9000 Southside Boulevard FL9-100-07-09 Attn: James Dodd, Legal Department (904) 722-7348 | Jacksonville | FL | 32256 | $120,908 | |
| Litton Loan Services | Property Address: 5624 S. Wolcott Chicago, IL | 4828 Loop Central Dr. | Houston | TX | 77081 | $71,649 | |

Dec 02 02 05:24p                                                    p.3

                                          EXHIBIT D.
   AUG. 7.2002  11:03AM   US DEPT OF JUSTICE      NO.185   P.2/12

                                                    JUDGE GOTTSCHALL

                                          MAGISTRATE JUDGE SCHENKIER

            UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF ILLINOIS        JUL 3 1 2002
                 EASTERN DIVISION


UNITED STATES OF AMERICA      )
                              )   No.   0 2 CR 0 7 5 2
              v.              )
                              )   Violations:  Title 18,
DEMETRIUS BARREN,             )   United States Code,
CARL MILLER,                  )   Sections 2, 1341, and 1343
JULIAN BISHOP, and            )
KENNETH WASHINGTON            )


                         COUNT ONE

      The SPECIAL MARCH 2001 GRAND JURY charges:

      1.      At times relevant to this indictment:

            (a)      Defendant DEMETRIUS BARREN was engaged in the business of

buying and selling residential properties, doing business as Allegria Realty Consultants, 104

South Michigan Avenue, Chicago, Illinois.

            (b)      Defendant CARL MILLER was employed as a mortgage loan officer

by Oxford Financial Services, 175 West Jackson Boulevard, Chicago, Illinois.

            (c)      Defendant JULIAN BISHOP was employed as a mortgage loan broker

at Illinois Capital Corporation, 900 West Jackson Boulevard, Chicago, Illinois.

            (d)      Defendant KENNETH WASHINGTON was a licensed real estate

appraiser, conducting appraisals of residential properties in the Chicago area.

            (e)      Melva Wynn was a licensed real estate appraiser, doing business as

Wynnstar Appraisals.  Wynn shared office space with defendant DEMETRIUS BARREN

at 104 South Michigan Avenue, Chicago, Illinois.

2. From at least 1997 through at least February 1999, in the Northern District of Illinois, Eastern Division, and elsewhere,

> DEMETRIUS BARREN,
> CARL MILLER,
> JULIAN BISHOP, and
> KENNETH WASHINGTON,

defendants herein, together with Melva Wynn and others, devised and participated in a scheme to defraud and to obtain money and property, specifically, funds from various residential mortgage lending institutions (hereinafter referred to as "lenders"), by means of materially false and fraudulent pretenses, representations, promises, and material omissions, as described below.

3. It was part of the scheme that defendant DEMETRIUS BARREN purchased residential properties in the City of Chicago. Defendant DEMETRIUS BARREN typically purchased properties which were dilapidated and in need of rehabilitation and repair. Defendant DEMETRIUS BARREN purchased such properties with the intent of immediately reselling them for a profit.

4. It was further part of the scheme that defendant DEMETRIUS BARREN paid real estate appraisers, including Melva Wynn and defendant KENNETH WASHINGTON, to prepare appraisals which inflated the true value of the properties which defendant DEMETRIUS BARREN was trying to resell. Defendant DEMETRIUS BARREN sought inflated appraisals so that he could sell the properties at prices greater than what he had paid

2

Dec 02 02 05:24p

AUG. 7.2002 11:04AM    US DEPT OF JUSTICE                NO.185    P.4/12

*May not testify*

for them. Melva Wynn and defendant KENNETH WASHINGTON in fact prepared inflated

appraisals for defendant DEMETRIUS BARREN, which appraisals failed to disclose that

the properties were in need of rehabilitation and which compared the properties to other

properties of greater value. At least one of the appraisals contained a picture of a different

property than the property being appraised. As defendant DEMETRIUS BARREN, Melva

Wynn, and defendant KENNETH WASHINGTON well knew, mortgage lenders would rely

on the false and fraudulent appraisals in approving mortgage loans in amounts greater than

the true values of the properties.

*Appraisals are based on improvements at As-Is value. Reflective assessor of Council*

*Did Counsel seek his own appraisal based on your scheduled improvements to determine if the appraisals were accurate or abnormally inflated?*

5.    It was further part of the scheme that defendant DEMETRIUS BARREN

sought individuals to buy properties from him at inflated prices (hereinafter referred to as

"buyers"). Defendant DEMETRIUS BARREN enticed potential buyers by promising to pay

for the rehabilitation of the properties and to pay the first few mortgage payments or assist

them with mortgage payments until the properties began generating rental income.

Defendant DEMETRIUS BARREN also promised the buyers that they would not have to

make a down payment or pay any closing costs. Based on these promises, defendant

DEMETRIUS BARREN persuaded numerous individuals to buy properties from him, often

persuading them to buy two or three properties at a time. Many of these individuals had

never purchased property before.

6.    It was further part of the scheme that defendant DEMETRIUS BARREN made

false representations, and caused false representations to be made, on his real estate contracts

*Torn Down As A Result of City Liens.*

3

with the buyers. Specifically, defendant DEMETRIUS BARREN falsely represented, and

caused others to falsely represent, that the buyers had paid thousands of dollars as earnest

money to be applied to the purchase prices for the properties, when in fact the buyers had not

paid anything, and did not intend to pay anything based on defendant DEMETRIUS

BARREN's representations to them that they did not have to put down any money in order

to acquire the properties from him. On at least one such real estate contract, the buyer's

signature was forged. Defendant DEMETRIUS BARREN caused these fraudulent real estate

contracts to be prepared for purposes of misleading mortgage lending companies into

believing that the buyers had made down payments and were financially qualified for

mortgage loans.

7.      It was further part of the scheme that, in an attempt to qualify buyers for

mortgage loans, defendant DEMETRIUS BARREN provided them with money to deposit

into their bank accounts in order to inflate their account balances. On one occasion,

defendant DEMETRIUS BARREN gave funds to the buyer's brother, with instructions for

him to write a check to the buyer and then sign a fraudulent gift affidavit, thereby creating

the appearance that the money was a gift from a relative, when in fact the money had been

fronted by defendant DEMETRIUS BARREN. After defendant DEMETRIUS BARREN's

money was deposited into the buyers' bank accounts, bank employees were asked to sign

forms verifying the amounts then on deposit in the buyers' accounts. After the banks'

verifications of deposit were obtained, defendant DEMETRIUS BARREN directed the

4

buyers to withdraw his money from their accounts and repay him. Defendant DEMETRIUS
BARREN took these actions for the purpose of causing banks to issue false verifications of
deposit, knowing that such false verifications of deposit would be relied on by lenders in
issuing mortgage loans to the buyers.

8.    It was further part of the scheme that defendant DEMETRIUS BARREN
referred buyers to certain mortgage loan brokers, including defendants CARL MILLER and
JULIAN BISHOP, to procure mortgage loans for the buyers. Defendants CARL MILLER
and JULIAN BISHOP sought out and located mortgage lending companies to finance the
buyers' purchases of the properties at the inflated prices at which defendant DEMETRIUS
BARREN was seeking to sell the properties.

9.    It was further part of the scheme that defendants CARL MILLER and JULIAN
BISHOP submitted, and caused to be submitted, false and fraudulent documents to the
mortgage loan companies, including, but not limited to, the following:  inflated appraisal
reports; false verifications of deposit; fabricated employment records, such as fabricated
earnings statements and W-2 Wage and Tax Statements which inflated the buyers' true
earnings; and fraudulent loan applications. The loan applications falsely stated, among other
things, that the buyers intended to use the properties as their "primary residence," when in
fact they did not intend to do so; and that the buyers had made payments toward the purchase
of the properties, when in fact they had not done so. Some loan applications also overstated
the buyers' gross monthly income. In addition, defendants CARL MILLER and JULIAN

5

BISHOP intentionally concealed from lenders the fact that certain buyers were purchasing

multiple properties from defendant DEMETRIUS BARREN and were seeking multiple

mortgage loans from different lenders. These false statements and omissions were material

to the lenders' decisions to issue mortgage loans to the buyers, and were made for the

purpose of inducing the lenders to issue loans in amounts greater than the true values of the

properties and to individuals who were not qualified for the loans. As defendants well knew,

the lenders would rely on the false statements contained in the loan documents which they

had submitted and caused to be submitted to the lenders.

10.    As a result of the fraudulent acts and omissions of defendants DEMETRIUS

BARREN, CARL MILLER, JULIAN BISHOP, and KENNETH WASHINGTON, and

Melva Wynn and others, various lenders issued loans to individuals who were not qualified

for the loans and could not afford to make payments on the loans. As a further result of the

fraudulent acts and omissions of defendants DEMETRIUS BARREN, CARL MILLER,

JULIAN BISHOP, and KENNETH WASHINGTON, and Melva Wynn and others, many

buyers defaulted on the loans, causing losses to the lenders.

## COUNT TWO

The SPECIAL MARCH 2001 GRAND JURY further charges:

1.      Paragraphs 1 through 10 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.      On or about August 8, 1997, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

> DEMETRIUS BARREN,
> JULIAN BISHOP, and
> KENNETH WASHINGTON,

defendants herein, for the purpose of executing the scheme described in Count One, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, a funds transfer of approximately $95,138.00 from the account of Mortgage Lenders Network USA, Inc., at BankBoston, Boston, Massachusetts, to American National Bank & Trust Company of Chicago, Chicago, Illinois, for credit to the account of Attorneys' Title Guaranty Fund, Inc., in connection with a mortgage loan issued to an individual who purchased the property located at 647 North Laramie, Chicago, Illinois, from defendant DEMETRIUS BARREN;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT THREE

The SPECIAL MARCH 2001 GRAND JURY further charges:

1.    Paragraphs 1 through 10 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.    On or about September 8, 1997, at Chicago, in the Northern District of Illinois, Eastern Division,

**DEMETRIUS BARREN and
CARL MILLER,**

defendants herein, for the purpose of executing the scheme described in Count One, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, a mortgage loan note and other closing documents pertaining to an individual's purchase of the property located at 608 North Christiana, Chicago, Illinois, from defendant DEMETRIUS BARREN, which documents were transmitted from the facsimile machine located at the offices of Attorneys' Title Guaranty Fund, Inc., 33 North Dearborn Street, Second Floor, Chicago, Illinois 60602, to the facsimile machine located at the offices of The Money Store, 1625 North Market Boulevard, Suite 230, Sacramento, California 95834;

In violation of Title 18, United States Code, Sections 1343 and 2.

COUNT FOUR

The SPECIAL MARCH 2001 GRAND JURY further charges:

1.    Paragraphs 1 through 10 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.    On or about November 19, 1997, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

DEMETRIUS BARREN and
JULIAN BISHOP,

defendants herein, for the purpose of executing the scheme described in Count One, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, closing instructions pertaining to an individual's purchase of the property located at 4019 West Monroe, Chicago, Illinois, from defendant DEMETRIUS BARREN, which instructions were transmitted from the facsimile machine located at the offices of The Money Store, 2450 Del Paso Boulevard, Suite 200, Sacramento, California 95834, to the facsimile machine located at the offices of Attorneys' Title Guaranty Fund, Inc., 33 North Dearborn Street, Second Floor, Chicago, Illinois 60602;

In violation of Title 18, United States Code, Sections 1343 and 2.

10

## COUNT FIVE

The SPECIAL MARCH 2001 GRAND JURY further charges:

1.    Paragraphs 1 through 10 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.    On or about February 5, 1999, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### DEMETRIUS BARREN,

defendant herein, for the purpose of executing the scheme described in Count One, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, a funds transfer of approximately $125,381.70 from the account of First Franklin Financial Corporation at Texas Commerce Bank, Houston, Texas, to LaSalle National Bank, Chicago, Illinois, for credit to the account of Chicago Title & Trust Company, in connection with a mortgage loan issued to an individual who purchased the property located at 4942 West Washington, Chicago, Illinois, from defendant DEMETRIUS BARREN;

In violation of Title 18, United States Code, Sections 1343 and 2.

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY

11

4454 W. West End Ave.

# COOK COUNTY RECORDER OF DEEDS
## EUGENE "GENE" MOORE

RECORDER OF DEEDS · ILLINOIS · COOK COUNTY

**INTERESTING LINKS**

HOME PAGE
BIOGRAPHY
LOCATIONS
WHAT'S NEW
FAQ
ENTIRE MENU

Grantor / Grantee
Document Number
Legal Search
PIN Search
Trust Number
Subdivision Search

Forms

View Purchased
Documents

Support | Help | Documents | Container | Account Information | Search Menu

Add To Basket | Print Basket

Documents for PIN: 16-10-322-014-0000

Result Matches[1 - 20 of 36][Next]

[Back One Page]

| Document No. | Document Type | Date Recorded | Grantor / Trust No. | Grantee / Trust No. | MPP |
|---|---|---|---|---|---|
| 0631147060 | WARRANTY DEED | 11/17/2006 | CHOICE LLC | FAHA CO LLC | |
| 0518945112 | DEED | 07/08/2005 | COOK COUNTY CLERK | CHOICE LLC | |
| 0518945117 | RELEASE | 07/08/2005 | CHICAGO | | 8010160 |
| 0021092541 | LIEN | 10/04/2002 | CHICAGO | STARKS JAMES C | |
| 0011156926 | LIEN | 12/07/2001 | CHICAGO | STARKS JAMES C | |
| 0010163647 | LIEN | 03/01/2001 | CHICAGO CITY | STARKS JAMES C | |
| 00921013 | ASSIGNMENT | 11/22/2000 | MORTGAGE EXPRESS INC | STARKS JAMES C | |
| 00918986 | LIS PENDENS | 11/21/2000 | EQUICREDIT CORP AMER | EQUICREDIT CORP AMER | 002230 |
| 00246249 | AMENDMENT | 04/07/2000 | CHICAGO CITY | DANIELS JOHNNIE | 002230 |
| 00223036 | MORTGAGE | 03/30/2000 | DANIELS JOHNNIE  $88,500.00 | STARKS JAMES C | 091701 |
| 00190087 | QUIT CLAIM DEED | 03/16/2000 | UNKNOWN | MORTGAGE EXPRESS INC | |
| 00189611 | RELEASE | 03/15/2000 | MERCANTILE MTG | STARKS JAMES C | |
| 00184416 | WARRANTY DEED | 03/15/2000 | SMITH LAMARTINE | UNKNOWN | 976920 |
| 00184415 | WARRANTY DEED | 03/15/2000 | CHICAGO RECEIVERS CARETAKER ASSOC | CHICAGO RECEIVERS CARETAKER ASSOC | |
| 00108842 | RELEASE | 02/14/2000 | MERCANTILE MTG CO | DANIELS JOHNNIE | |
| 09170130 | LIS PENDENS | 12/16/1999 | STARKS JAMES C | UNKNOWN | 976950 |
| 99972480 | NOTICE | 10/15/1999 | CHICAGO CITY | CHICAGO CITY | |
| | | | | 4454 W WEST END AVE | |

# COOK COUNTY RECORDER OF DEEDS
## EUGENE "GENE" MOORE

RECORDER OF DEEDS
COOK COUNTY, ILLINOIS

| HOME PAGE |
| BIOGRAPHY |
| LOCATIONS |
| FEE SCHEDULE |
| WHAT'S NEW |
| FAQ |
| SEARCH MENU |

INTERESTING LINKS

Support | Help | Document Container | Account Information | Search Menu

Add To Document Container

**Documents for PIN:16-15-207-016-0000**

4019 W. Monroe

Result Matches:[1 - 20 of 21][Next]

[Back One Page]

| Document No. | Document Type | Date Recorded | Grantor/Trust No. | Grantee/Trust No. | Price Docum |
|---|---|---|---|---|---|
| [ ] 0704542005 | LIS PENDENS | 02/14/2007 | ACCREDITED HOME LENDERS INC | ROBINSON REGERNAL | 0704542 |
| [ ] 0532605119 | WARRANTY DEED | 11/22/2005 | HOSEY VICKY | ROBINSON REGERNAL | 0532605 |
| [ ] 0532605120 | MORTGAGE | 11/22/2005 | ROBINSON REGERNAL | AAMES FUNDG CORP | |
| [ ] 0532605121 | MORTGAGE | 11/22/2005 | ROBINSON REGERNAL | AAMES FUNDG CORP | |
| [ ] 0403547166 | RELEASE | 02/04/2004 | MORTGAGE ELEC REGISTRATION SYSTEM | HOSEY VICKY | |
| [ ] 0344492206 | MORTGAGE | 12/10/2003 | HOSEY VICKY | MORTGAGE ELEC REGISTRATION SYSTEM | 0021373 |
| [ ] 0021373687 | MORTGAGE | 12/12/2002 | HOSEY VICKY | MORTGAGE ELEC REGISTRATION SYSTEM | |
| [ ] 0021373686 | TRUSTEES DEED | 12/12/2002 | NORTH STAR TRUST CO TR / 26882 | HOSEY VICKY | |
| [ ] 0010293935 | LIS PENDENS | 10/05/2001 | CHICAGO CITY | FIRST SUBURBAN NATL BK | |
| [ ] 0010647707 | TRUSTEES DEED | 07/19/2001 | FIRST SUBURBAN NATL BK TR / 981200 | BANCO POPULAR N AMER TR / 26882 | |
| [ ] 0071567 | WARRANTY DEED | 10/03/2000 | BANK NEW YORK TR | FIRST SUBN NATL BK TR / 981200 | $15,500 |
| [ ] 99994241 | LIS PENDENS | 10/22/1999 | CHICAGO CITY | BLACK CHELLENA | |
| [ ] 99774751 | DEED | 08/13/1999 | INTERCOUNTY JUDICIAL SALES CORP | BANK NEW YORK TR | |
| [ ] 99171056 | JUDGMENT | 07/27/1999 | CHICAGO CITY | DAVIS HELEN | |
| [ ] 08066663 | ASSIGNMEN | 11/25/1998 | TMS MTG INC | BANK NEW YK TR / 1997 D | 978952 |
| [ ] 08051753 | LIS PENDENS | 11/20/1998 | BANK NY | BLACK CHELLENA | 978952 |
| [ ] 98435136 | LIS PENDENS | 05/27/1998 | CHICAGO CITY | DAVIS HELEN | 578795 |

| 97895377 | MORTGAGE | 12/01/1997 | BLACK CHELLENA | TMS MTG INC | $64,000 |
| 97895376 | WARRANTY DEED | 12/01/1997 | BARREN DEMETRIUS | BLACK CHELLENA | $105,000 |
| 97892013 | WARRANTY DEED | 11/28/1997 | DAVIS HELEN | BARREN DEMETRIUS | |

[1] [2]

## COOK COUNTY RECORDER OF DEEDS DISCLAIMER

While the Cook County Recorder of Deeds (CCRD) attempts to keep this website up to date with existing law and policies, the CCRD does not guaranty the accuracy of any of the information contained herein, including, but not limited to, database information and document images. CCRD also does not guaranty the legality of the documents and database information contained herein and accepts no liability for any damages incurred, whether directly, indirectly, incidental, punitive or consequential, as a result of any errors, omissions or discrepancies in any information published on this website, including, but not limited to use of on-line forms or affidavits.

Copyright © The Cook County Recorder of Deeds. All rights reserved.
For assistance in maneuvering on this website, please click here **rodsupport@cookcountygov.com** or call 312-603-5154 Monday -

# COOK COUNTY RECORDER OF DEEDS
## EUGENE "GENE" MOORE

Support | Help | Document Detailed | Account Information | Search Menu

HOME PAGE
BIOGRAPHY
LOCATIONS
FAQ
SEARCH MENU

INTERESTING LINKS
WHAT'S NEW
FEE SCHEDULE

Grantor / Grantee
Document Number
Legal Search
PIN Search
Trust Number
Subdivision Search
Forms
View Purchased
Documents

4942 - 4944 W. Washington

Documents for PIN 16-09-423-022-0000

Result Matches:[1 - 20 of 44][Next ]

| Document No. | Document Type | Date Recorded | Grantor / Trust No. | Grantee / Trust No. | |
|---|---|---|---|---|---|
| 0713635113 | COURT DOC | 05/16/2007 | CHICAGO | | |
| 0612532039 | WARRANTY DEED | 05/05/2006 | CHICAGO | GUSTO DEV LLC | |
| 0612532040 | MORTGAGE | 05/05/2006 | FIRST NATL ACQ LLC | GUSTO DEV LLC | |
| 0612532041 | ASSIGNMENT | 05/05/2006 | GUSTO DEV LLC | FIRST NATL ACQ LLC | |
| 0526439076 | DEED | 09/21/2005 | COOK COUNTY CLERK | STATE BK COUNTRYSIDE | |
| 0525010074 | RELEASE | 09/07/2005 | CHICAGO | BATEAST MITCHELL | 99 |
| 0525010075 | RELEASE | 09/07/2005 | CHICAGO | ELLIS JAMES JR | 00 |
| 0525010076 | RELEASE | 09/07/2005 | CHICAGO | ELLIS JAMES JR | 00 |
| 0097594 2 | LIEN | 12/12/2000 | CHICAGO CITY | ELLIS JAMES JR | 00 |
| 99934937 | LIS PENDENS | 10/04/1999 | NATIONSCREDIT HOME EQUITY SERV CORP | ELLIS JAMES JR | 99 |
| 99926815 | ASSIGNMENT | 09/30/1999 | FIRST FRANKLIN FINL CORP | NATIONSCREDIT HOME EQUITY SERV CORP | 99 |
| 99924709 | RELEASE | 09/30/1999 | STEEL CRAFT PROD CO | BANK NEW YORK TR | 99 |
| 99911671 | LIEN | 09/27/1999 | CHICAGO CITY | BATEAST MITCHELL | 99 |
| 99691081 | MORTGAGE | 07/20/1999 | ELLIS JAMES JR | FIRST FRANKLIN FINL CORP | 99 |
| 99691080 | WARRANTY DEED | 07/20/1999 | KANZLER THOMAS | ELLIS JAMES JR | |
| 99059775 | LIEN | 01/20/1999 | STEELCRAFT PROD CO | BANK NY TR | |
| 08149551 | WARRANTY DEED | 12/18/1998 | BANK NEW YK TR / 1995 B | KANZLER THOMAS | |

[Back One |

[Back One |

| | | | | |
|---|---|---|---|---|
| 98730838 | JUDGMENT | 08/19/1998 | CHICAGO CITY | BATEAST LUELLA |
| 98534160 | LIS PENDENS | 06/23/1998 | CHICAGO CITY | BATEAST MITCHELL | 94 |
| 98479050 | DEED | 06/08/1998 | JUDICIAL SALES CORP | BANK NEW YK TR / 1995 B |

[ 1 ] [ 2 ] [ 3 ]

## COOK COUNTY RECORDER OF DEEDS DISCLAIMER

While the Cook County Recorder of Deeds (CCRD) attempts to keep this website up to date with existing law and policies, the CCRD does not guaranty the accuracy of any of the information contained herein, including, but not limited to, database information and document images. CCRD also does not guaranty the legality of the documents and database information contained herein and accepts no liability for any damages incurred, whether directly, indirectly, incidental, punitive or consequential, as a result of any errors, omissions or discrepancies in any information published on this website or any use of this website, including, but not limited to use of on-line forms or affidavits.

Copyright © 2005 Cook County Recorder of Deeds. All rights reserved. For assistance with the use of this website, please click here **rodsupport@cookcountygov.com** or call 312.603.5050 (8:00 a.m. to 5:30 p.m. Monday - Friday except legal holidays). For use with the use of this website, please click here rodsupport@cookcountygov.com or call 312.603.5050 (8:00 a.m. to 5:30 p.m. CDT

# COOK COUNTY RECORDER OF DEEDS

## EUGENE "GENE" MOORE

| HOME PAGE | Support | Help | Document Container | Account Information | Search Menu |

**Add To Document Container**

**Documents for PIN: 20-18-205-020-0000**

5624 S. Wolcott

Result Matches[1 - 11 of 11]

[Back One Page]

| | Document No. | Document Type | Date Recorded | Grantor/Trust No. | Grantee/Trust No. | |
|---|---|---|---|---|---|---|
| ☐ | 98238952 | LIS PENDENS | 03/26/1998 | BANKERS TRUST TR | MCCULLUM SAMUEL | |
| ☐ | 98042052 | ASSIGNMENT | 01/15/1998 | WALSH SEC INC | BANKERS TRUST TR | 97215095 |
| ☐ | 98040347 | LIEN | 01/15/1998 | CHICAGO CITY | MCCULLUM SAMUEL | |
| ☐ | 97360059 | RELEASE | 05/21/1997 | FEDERAL NATL MTG ASSN | RALSTON ALEX S | |
| ☐ | 97215095 | MORTGAGE | 03/27/1997 | MCCULLUM SAMUEL | WALSH SECURITIES INC | $ 65,000 |
| ☐ | 97215094 | WARRANTY DEED | 03/27/1997 | BARREN DEMETRIUS | MCCULLUM SAMUEL | $ 70,000 |
| ☐ | 97203591 | RELEASE | 03/25/1997 | HOUSEHOLD BK | RALSTON ALEX S | |
| ☐ | 97156773 | WARRANTY DEED | 03/07/1997 | RALSTON ALEX S | BARREN DEMETRIUS | $ 30,000 |
| ☐ | 94885769 | LIEN | 10/07/1994 | CHICAGO CITY | UNKNOWN | |
| ☐ | 88561101 | ASSIGNMENT | 12/06/1988 | DARTMOUTH PLAN INC | HOUSEHOLD BK | |
| ☐ | 88561100 | MORTGAGE AND ASSIGNMENT | 12/06/1988 | MR SIDING & WINDO CO INC | DARTMOUTH PLAN INC | |

## COOK COUNTY RECORDER OF DEEDS DISCLAIMER

While the Cook County Recorder of Deeds (CCRD) attempts to keep this website up to date with existing law and policies, the CCRD does not guaranty the accuracy of any of the information contained herein, including, but not limited to, database information and document images. CCRD also does not guaranty the legality of the documents and database information contained herein and accepts no liability for any damages incurred, whether directly, indirectly, incidental, punitive or consequential, as a result of any errors, omissions or discrepancies in any information published on this website or any use of this website, including, but not limited to use of on-line forms or affidavits.

Search Menu

INTERESTING LINKS
FEE SCHEDULE
WHAT'S NEW
FAQ
SEARCH MENU
Grantor / Grantee
Document Number
Legal Search
PIN Search
Trust Number
Subdivision Search
Forms
View Purchased Documents
LOCATIONS
BIOGRAPHY

COOK COUNTY RECORDER OF DEEDS
EUGENE "GENE" MOORE

COOK COUNTY ILLINOIS · RECORDER OF DEEDS

| Support | Help! | Document Container | Account Information | Search Menu |

SEARCH MENU
FAQ
WHAT'S NEW
FEE SCHEDULE
INTERESTING LINKS
LOCATIONS
BIOGRAPHY
HOME PAGE

Grantor / Grantee
Document Number
Legal Search
PIN Search
Trust Number
Subdivision Search
Forms
View Purchased
Documents

[Previous Document]
[Back One Page]
[Next Document]

Add To Document Container

**Result For:[97215094]**

| Document No. | Executed | Recorded | Document Type | Case No | Amount |
|---|---|---|---|---|---|
| 97215094 | 02/28/1997 | 03/27/1997 | WARRANTY DEED | | $70,000.00 |

Legal Description

Section-Township: 18-38-14     SubDiv-Condo: LYON'S/BR/B/3-5&11-1

Lot #: 9     Block #: 6 Part of Lot:

Property Description

20-18-209-020-0000 UPIN

Grantor(s)

Name: BARREN DEMETRIUS Trust Number:-

Grantee(s)

Name: MCCULLUM SAMUEL Trust Number:-

For Document

http://www.ccrd.info/CCRD/controller?command=...

# COOK COUNTY RECORDER OF DEEDS
## EUGENE "GENE" MOORE

Supp | Help | Document Container | Account Information | Search Menu

HOME PAGE
BIOGRAPHY
LOCATIONS
INTERESTING LINKS
FEE SCHEDULE
WHAT'S NEW
FAQ
SEARCH MENU
Grantor / Grantee
Document Number
Legal Search
PIN Search
Trust Number
Subdivision Search
Forms
View Purchased Documents

Documents for PIN 16-09-408-015-0000

Result Matches:[1 - 2...]

| Document No. | Document Type | Date Recorded | Grantor / Trust No. | Grantor / Trust No. |
|---|---|---|---|---|
| 0724826018 | WARRANTY DEED | 09/05/2007 | AROKO RICHARD | BAILEY ELENA |
| 0724826019 | MORTGAGE | 09/05/2007 | BAILEY ELENA | MORTGAGE ELECTRONIC REGISTRA |
| 0720813026 | RELEASE | 07/27/2007 | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | AROKO RICHARD | MORTGAGE ELECTRONIC REGISTRA |
| 0636004008 | RELEASE | 12/26/2006 | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | AROKO RICHARD | AROKO RICHARD |
| 0632449249 | MORTGAGE | 11/20/2006 | AROKO RICHARD | MORTGAGE ELECTRONIC REGISTRA |
| 0610343073 | QUIT CLAIM DEED | 04/13/2006 | CALDWELL TIMOTHY | CALDWELL EMMA |
| 0610343074 | WARRANTY DEED | 04/13/2006 | CALDWELL EMMA | AROKO RICHARD |
| 0610343075 | MORTGAGE | 04/13/2006 | AROKO RICHARD | MORTGAGE ELECTRONIC REGISTRA |
| 0610021093 | RELEASE | 04/10/2006 | GMAC MTG CORP | CALDWELL EMMA |
| 0534610066 | LIS PENDENS | 12/12/2005 | GMAC MTG CORP | CALDWELL TOMMIE |
| 0010976886 | ASSIGNMENT | 10/19/2001 | FIRST NATL MTG CORP | TAYLOR BEAN & WHITAKER MTG C |
| 0085848 4 | ASSIGNMENT | 11/01/2000 | TAYLOR BEAN & WHITAKER MTG CORP | GMAC MTG CORP? |
| 0552081 | ASSIGNMENT | 07/24/2000 | FIRST NATL MTG CORP | TAYLOR BEAN & WHITAKER MTG C |
| 0552080 | MORTGAGE | 07/24/2000 | CALDWELL EMMA | FIRST NATL MTG CORP |
| 0552079 | WARRANTY DEED | 07/24/2000 | CHICAGO REHAB INV LTD | CALDWELL EMMA |
| 0059908 | WARRANTY DEED | 01/25/2000 | BANK NEW YORK | CHICAGO REHAB INV LTD |
| 99884260 | WARRANTY DEED | 09/17/1999 | ROBINSON RENAULT A JR | BANK NEW YORK - R |

| | 98999822 | LIS PENDENS | 11/05/1998 | BANK NEW YORK TR / 1997B | ROBINSON RENAULT |
| | 98952104 | ASSIGNMENT | 10/23/1998 | TMS MTG INC | BANK NY TR |
| | 97595791 | MORTGAGE | 08/14/1997 | ROBINSON RENAULT A | $108,000 | TMS MTG INC |

[1] [2]

## COOK COUNTY RECORDER OF DEEDS DISCLAIMER

While the Cook County Recorder of Deeds (CCRD) attempts to keep this website up to date with existing law and policies, the CCRD c the accuracy of any of the information contained herein, including, but not limited to, database information and document images. CC guaranty the legality of the documents and database information contained herein and accepts no liability for any damages incurred, indirectly, incidental, punitive or consequential, as a result of any errors, omissions or discrepancies in any information published on t any use of this website, including, but not limited to use of on-line forms or affidavits.

Copyright © 1999 Cook County Recorder of Deeds. All rights reserved. If you have questions with the use of this website, please click here rodsupport@cookcountygov.com or call 31... with t... w... h... m...

# COOK COUNTY RECORDER OF DEEDS

## EUGENE "GENE" MOORE

Support | Help | Document Customer | Account Information | Search Menu

HOME PAGE
BIOGRAPHY
LOCATIONS
FAQ
WHAT'S NEW
FEE SCHEDULE

INTERESTING LINKS
SEARCH MENU

Grantor / Grantee
Document Number
Legal Search
PIN Search
Trust Number
Subdivision Search

Forms
View Purchased Documents

Add New Document Form II

Documents for PIN: 16-11-212-038-0000

Result Matches[1]

| Document No. | Document Type | Date Recorded | Grantor | Grantee/Trust No. |
|---|---|---|---|---|
| 0615949014 | RELEASE | 06/08/2006 | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | FUENTES VICTOR |
| 0611605091 | WARRANTY DEED | 04/26/2006 | FUENTES VICTOR | HERRERA ADOLFO |
| 0611605092 | MORTGAGE | 04/26/2006 | HERRERA ADOLFO | MORTGAGE ELECTRONIC REGIS |
| 0611605093 | MORTGAGE | 04/26/2006 | HERRERA ADOLFO | MORTGAGE ELECTRONIC REGIS |
| 0526906179 | RELEASE | 09/26/2005 | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | FUENTES VICTOR |
| 0525546054 | MORTGAGE | 08/23/2005 | FUENTES VICTOR | MORTGAGE ELEC REGISTRATION |
| 0435606089 | RELEASE | 12/21/2004 | WORLD SAV BK | COOK DIANE M |
| 0429948165 | RELEASE | 10/25/2004 | MORTGAGE ELEC REGISTRATION SYSTEM | FUENTES VICTOR |
| 0427108070 | MORTGAGE | 09/27/2004 | FUENTES VICTOR | MORTGAGE ELEC REGISTRATION |
| 0424732063 | RELEASE | 09/03/2004 | FLORIDA BK | MORTGAGE ELEC REGISTRATION |
| 0406945086 | WARRANTY DEED | 03/09/2004 | MENDOZA ERNESTO | MENDOZA ERNESTO |
| 0406945087 | RECORD OF PAYMENT | 03/09/2004 | MENDOZA ERNESTO | FUENTES VICTOR |
| 0406945088 | MORTGAGE | 03/09/2004 | | PUBLIC |
| 0402240108 | WARRANTY DEED | 01/22/2004 | HOUSING & URBAN DEV | MORTGAGE ELEC REGISTRATION |
| 0402240109 | MORTGAGE | 01/22/2004 | MENDOZA ERNESTO | MENDOZA ERNESTO |
| 0323841103 | DEED | 08/26/2003 | INTERCOUNTY JUDICIAL SALES CORP | MORTGAGE ELEC REGISTRATION |
| 0020217598 | LIS PENDENS | 02/25/2002 | MORTGAGE ELEC REGISTRATION SYSTEM | HOUSING & URBAN DEV |
| | | | | BRIZOT GERARDO |

| 0010470411 | RELEASE | 06/04/2001 | BANKERS TRUST CO TR | SOARES SERGIO C |
| 0010405715 | MORTGAGE | 05/15/2001 | BRIZOT GERALDO | MORTGAGE ELEC REGISTRATION |
| 0010405714 | WARRANTY DEED | 05/15/2001 | SOARES SERGIO C | BRIZOT GERALDO |

[1][2][3]

## COOK COUNTY RECORDER OF DEEDS DISCLAIMER

While the Cook County Recorder of Deeds (CCRD) attempts to keep this website up to date with existing law and policies, the CCRD c
accuracy of any of the information contained herein, including, but not limited to, database information and document images. CCRD
guaranty the legality of the documents and database information contained herein and accepts no liability for any damages incurred,
indirectly, incidental, punitive or consequential, as a result of any errors, omissions or discrepancies in any information published on t
use of this website, including, but not limited to use of on-line forms or affidavits.

Copyright © 2005 Cook County Recorder of Deeds. All rights reserved.
For assistance on your use of this website, please click here rcdsupport@cookcountygov.com or call 312-603-5554.

# COOK COUNTY RECORDER OF DEEDS
## EUGENE "GENE" MOORE

Support | Help | Document Container | Account Information | Search Menu

**INTERESTING LINKS**
HOME PAGE
BIOGRAPHY
LOCATIONS
FEE SCHEDULE
WHAT'S NEW
FAQ
START MENU
Grantor / Grantee
Document Number
Legal Search
PIN Search
Trust Number
Subdivision Search
Forms
View Purchased Documents

1511 S. Trumbull

Documents for PIN:16-23-225-004-0000

Result Matches:(1 - 20 of 28)

| Document No. | Document Type | Date Recorded | Grantor/Trust No. | | |
|---|---|---|---|---|---|
| 0535306056 | RELEASE | 12/19/2005 | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | KRAWCZYK THOMAS | |
| 0535054027 | RELEASE | 12/16/2005 | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | KRAWCZYK THOMAS | |
| 0532205264 | RECORD OF PAYMENT | 11/18/2005 | KRAWCZYK THOMAS | | |
| 0532205263 | MORTGAGE | 11/18/2005 | KRAWCZYK THOMAS | PUBLIC | |
| 0332926210 | MORTGAGE | 11/25/2003 | KRAWCZYK THOMAS | LONG BEACH MTG CO | |
| 0332926209 | MORTGAGE | 11/25/2003 | KRAWCZYK THOMAS | MORTGAGE ELEC REGISTRATION | |
| 0332926208 | TRUSTEES DEED | 11/25/2003 | PRAIRIE B&T CO TR / 96036 | MORTGAGE ELEC REGISTRATION | |
| 0030074821 | DEED IN TRUST | 01/16/2003 | OMALLEY MICHAEL | KRAWCZYK THOMAS | $52,000 |
| 0021138669 | WARRANTY DEED | 10/17/2002 | FV-I INC | PRAIRIE B&T CO TR / 96036 | |
| 0020894277 | DEED | 08/14/2002 | INTERCOUNTY JUDICIAL SALES CORP | OMALLEY MICHAEL | |
| 0010753151 | LIS PENDENS | 08/15/2001 | NATIONSCREDIT FIN SERV CORP | FV-1 | |
| 0010164037 | NOTICE | 03/01/2001 | CHICAGO CITY | POOLE MARY | |
| 00801539 | NOTICE | 10/13/2000 | CHICAGO CITY | 1511 S TRUMBULL AVE | |
| 00659471 | LIS PENDENS | 08/25/2000 | NATIONSCREDIT FIN SERV CORP | 1511 S TRUMBULL AVE | |
| 09132948 | RELEASE | 12/06/1999 | SECOND FED S&L ASSN CHGO | POOLE MARY | |
| 09090932 | WARRANTY DEED | 11/19/1999 | UNIVERSAL PROPERTIES CORP | BANK LYONS TR / 3752 | $135,000 |
| 09090933 | MORTGAGE | 11/19/1999 | POOLE MARY | NATIONSCREDIT FIN SERV CO | |

Page 2 of 2

| | 09026766 | WARRANTY DEED | | 11/01/1999 | BANK NEW YORK TR | $ 38,000 | UNIVERSAL PROPERTIES |
| | 99407573 | DEED | | 04/28/1999 | INTERCOUNTY JUDICIAL SALES CORP | —0— | BANK NEW YORK TR / 1997D |
| | 98891650 | ASSIGNMENT | | 10/05/1998 | TMS MTG INC | | BANK NEW YORK TR / 1997D |

[ 1 ] [ 2 ]

## COOK COUNTY RECORDER OF DEEDS DISCLAIMER

While the Cook County Recorder of Deeds (CCRD) attempts to keep this website up to date with existing law and policies, the CCRD d guaranty the accuracy of any of the information contained herein, including, but not limited to, database information and document in CCRD also does not guaranty the legality of the documents and database information contained herein and accepts no liability for any damages incurred, whether directly, indirectly, incidental, punitive or consequential, as a result of any errors, omissions or discrepanc any information published on this website or any use of this website, including, but not limited to use of on-line forms or affidavits.

Copyright © 2005 Cook County Recorder of Deeds, All rights reserved.
For assistance with the use of this website, please click here rodsupport@cookcountygov.com or call 312-603-5154 Monday - Friday 8: a.m. to 5:30 p.m. CDT.

911 N. Harding

Page 1 of 2

# COOK COUNTY RECORDER OF DEEDS
## EUGENE "GENE" MOORE

RECORDER OF DEEDS COOK COUNTY ILLINOIS

HOME PAGE
BIOGRAPHY
LOCATIONS
FEE SCHEDULE
WHAT'S NEW
FAQ
SEARCH MENU
INTERESTING LINKS

Support | Help | A Grantor Container | Acquire Information | Search Menu

Return to Search Results

Grantor / Grantee
Document Number
Legal Search
PIN Search
Trust Number
Subdivision Search

Forms

View Purchased Documents

Documents for PIN: 16-02-318-018-0000

Result Matches[1 - 20 of 34][Nex...

| Document No. | Document Type | Date Recorded | Grantor / Trust No. | Grantee |
|---|---|---|---|---|
| 0613718064 | ASSIGNMENT | 05/17/2006 | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | U S BK |
| 0612545109 | LIS PENDENS | 05/05/2006 | U S BK TR | |
| 0521417041 | RELEASE | 08/02/2005 | ARGENT MTG CO LLC | TAYLOR SHERMAN |
| 0518919033 | MORTGAGE | 07/08/2005 | TAYLOR SHERMAN | TAYLOR SHERMAN |
| 0515132081 | ASSIGNMENT | 05/31/2005 | OHIO SAV BK | MORTGAGE ELEC REGISTRATION SY |
| 0325129236 | MORTGAGE | 09/08/2003 | TAYLOR SHERMAN | CITIMORTGAGE INC |
| 0020293745 | RELEASE | 03/14/2002 | NATIONAL CITY MTG CO | ARGENT MTG CO |
| 0011065650 | RELEASE | 11/13/2001 | CHICAGO CITY | TAYLOR ANTOINETTE |
| 0011043338 | ASSIGNMENT | 11/06/2001 | ALLIED MTG CAP CORP | AGOSTINELLI CARLOS A |
| 0011043337 | MORTGAGE | 11/06/2001 | TAYLOR ANTIONETTE | OHIO SAV BK |
| 0010805585 | MORTGAGE | 08/30/2001 | TAYLOR ANTOINETTE | ALLIED MTG CAP CORP |
| 0010805584 | WARRANTY DEED | 08/30/2001 | MOREQUITY INC | NATIONAL CITY MTG CO |
| 0010043160 | DEED | 01/18/2001 | JUDICIAL SALES CORP | TAYLOR SHERMAN |
| 00338215 | LIS PENDENS | 05/11/2000 | MOREQUITY INC | MOREQUITY INC |
| 00226041 | LIEN | 02/31/2000 | CHICAGO CITY | AGOSTINELLI CARLOS A |
| 00183590 | LIS PENDENS | 03/15/2000 | CHICAGO CITY | AGOSTINELLI CARLOS A |
| 99573271 | MORTGAGE | 06/15/1999 | AGOSTINELLI CARLOS A | AGOSTINELLI CARLOS A |
| | | | | MOREQUITY INC |

(handwritten annotations: $48,500.00 and —0—)

| | 99573270 | WARRANTY DEED | 06/15/1999 | DEVEAUX ROSALBA | $127,500 00 | AGOSTINELLI CARLOS A |
| | 99521208 | WARRANTY DEED | 06/01/1999 | BANK NY TR | $38,100 0 | DEVEAUX ROSALBA |
| | 99317762 | DEED | 04/01/1999 | INTERCOUNTY JUDICIAL SALES CORP | 0 | BANK NEW YORK TR / 1997 D |

[1][2]

## COOK COUNTY RECORDER OF DEEDS DISCLAIMER

While the Cook County Recorder of Deeds (CCRD) attempts to keep this website up to date with existing law and policies, the CCRD di-
not guaranty the accuracy of any of the information contained herein, including, but not limited to, database information and documen
images. CCRD also does not guaranty the legality of the documents and database information contained herein and accepts no liability
for any damages incurred, whether directly, indirectly, incidental, punitive or consequential, as a result of any errors, omissions or
discrepancies in any information published on this website or any use of this website, including, but not limited to use of on-line forms
affidavits.

Copyright © 2005 Cook County Recorder of Deeds. All rights reserved.
For assistance with the use of this website, please click here rodsupport@cookcountygov.com or · · 312 603 5151 Monday Frida · · · ·
and 5:30 p.m. CDT.

http://www.ccrd.info/CCRD/controller/CommandHadGraesearchByProperty&onfHageSearchCommand···· ·· · ·



*(handwritten: 110,000; 25,000; $144,000)*

# COOK COUNTY RECORDER OF DEEDS
## EUGENE "GENE" MOORE

Support | Help | Document Container | Account Information | Search Menu

Add To Document Container

*(handwritten: 5018 S. Michigan)*

**INTERESTING LINKS**

- HOME PAGE
- BIOGRAPHY
- LOCATIONS
- FEE SCHEDULE
- WHAT'S NEW
- FAQ
- SEARCH MENU

Grantor / Grantee
Document Number
Legal Search
PIN Search
Trust Number
Subdivision Search

Forms

View Purchased Documents

Documents for PIN: 20-10-119-017-0000

Result Matches:[1 - 2...]

| Document No. | Document Type | Date Recorded | Grantor/Trust No. | |
|---|---|---|---|---|
| 0709447138 | RELEASE | 04/04/2007 | ARGENT MTG CO LLC | GRAVES KENNETH |
| 0707935019 | ORDER | 03/20/2007 | CHICAGO | GRAVES KENNETH T |
| 0707935020 | ORDER | 03/20/2007 | CHICAGO | GRAVES KENNETH Y |
| 0705433022 | MORTGAGE | 02/23/2007 | GRAVES KENNETH | MORTGAGE ELECTRONIC REGISTRA |
| 0626113098 | RELEASE | 09/18/2006 | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | GRAVES KENNETH |
| 0622224217 | MORTGAGE | 08/10/2006 | GRAVES KENNETH | ARGENT MTG CO LLC |
| 0608734044 | RELEASE | 03/28/2006 | EQUICREDIT CORP AMER | GRAVES KENNETH |
| 0605942226 | MORTGAGE | 02/28/2006 | GRAVES KENNETH | MORTGAGE ELECTRONIC REGISTRA |
| 0602343059 | ORDER | 01/23/2006 | CHICAGO | GRAVES KEN |
| 0401639023 | ASSIGNMENT | 01/16/2004 | NATIONSCREDIT FIN SERV CORP | EQUICREDIT CORP AMERICA |
| 0401639024 | ASSIGNMENT | 01/16/2004 | EQUICREDIT CORP AMERICA | UNKNOWN |
| 0400618151 | LIS PENDENS | 01/06/2004 | BANK NEW YORK | GRAVES KENNETH |
| 0010035142 | RELEASE | 01/16/2001 | EQUICREDIT CORP IL | GRAVES KENNETH |
| 00952426 | MORTGAGE | 12/05/2000 | GRAVS KENNETH | EQUICREDIT |
| 00031079 | WARRANTY DEED | 01/12/2000 | KUZMICZ KRZYSZTOF | GRAVES KENNETH |
| 00019395 | MORTGAGE | 01/07/2000 | GRAVES KENNETH | EQUICREDIT CCRP IL |
| 09111484 | DEED | 11/26/1999 | BANK NY TR | KUZMICZ KRZYSZTOF |

*(handwritten: $15,000)*

| 99654336 | DEED | 07/08/1999 | INTERCOUNTY JUDICIAL SALES CORP | BANK NEW YORK TR |
| 08051758 | ASSIGNMENT | 11/20/1998 | TMS MORTGAGE INC | BANK NEWYORK TR / 1997-D |
| 98999812 | LIS PENDENS | 11/05/1998 | BANK NEW YORK TR / 1997D | PERRY SAMUEL |

[ 1 ] [ 2 ]

## COOK COUNTY RECORDER OF DEEDS DISCLAIMER

While the Cook County Recorder of Deeds (CCRD) attempts to keep this website up to date with existing law and policies, the CCRD c the accuracy of any of the information contained herein, including, but not limited to, database information and document images. Cc guaranty the legality of the documents and database information contained herein and accepts no liability for any damages incurred, indirectly, incidental, punitive or consequential, as a result of any errors, omissions or discrepancies in any information published on t any use of this website, including, but not limited to use of on-line forms or affidavits.

Copyright © 2005 Cook County Recorder of Deeds. All rights reserved

33¢ U-150 4
8 Just 38



# COOK COUNTY RECORDER OF DEEDS
## EUGENE "GENE" MOORE

| HOME PAGE |
| BIOGRAPHY |
| LOCATIONS |

**INTERESTING LINKS**
- FEE SCHEDULE
- WHAT'S NEW
- FAQ
- SEARCH MENU

Grantor / Grantee
Document Number
Legal Search
PIN Search
Trust Number
Subdivision Search

Home

View Purchased
Documents

Support  Help  Document Container  Account Information  E-mail Login

**Add to Document Container**

Documents for PIN: 16-14-310-005-0000

Result Matches[1 - 2]

| Document No. | Document Type | Date Recorded | Grantor/Trust No. | Grantee |
|---|---|---|---|---|
| 0713835115 | COURT DOC | 05/18/2007 | CHICAGO | DOBBINS PATRICIA |
| 0711435005 | ASSIGNMENT | 04/24/2007 | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | US BK |
| 0705826147 | LIS PENDENS | 02/27/2007 | US BK | DOBBINSO PATRICIA |
| 0610856051 | RELEASE | 04/18/2006 | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | DOBBINS PATRICIA |
| 0610856059 | RELEASE | 04/18/2006 | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | DOBBINS PATRICIA |
| 0606749018 | MORTGAGE | 03/08/2006 | DOBBINS PATRICIA | MORTGAGE ELECTRONIC REGISTRA |
| 0606749019 | MORTGAGE | 03/08/2006 | DOBBINS PATRICIA | MORTGAGE ELECTRONIC REGISTRA |
| 0514606094 | ASSIGNMENT | 05/26/2005 | FIRST FRANKLIN FIN CORP | WELLS FARGO BK TR |
| 0514606095 | RELEASE | 05/26/2005 | WELLS FARGO BK TR | +DOBBINS PATRICIA |
| 0510846067 | MORTGAGE | 04/18/2005 | DOBBINS PATRICIA | MORTGAGE ELEC REGISTIATION SY |
| 0510846068 | MORTGAGE | 04/18/2005 | DOBBINS PATRICIA | MORTGAGE ELEC REGISTRATION SY |
| 0430822097 | MORTGAGE | 11/03/2004 | DOBBINS PATRICIA | LASALLE BK NA |
| 0416048173 | RELEASE | 06/08/2004 | WASHINGTON MUTU BK | SIMMONS GRACE M |
| 0406945152 | WARRANTY DEED | 03/09/2004 | SIMMONS GRACE M | DOBBINS PATRICIA |
| 0406945153 | MORTGAGE | 03/09/2004 | DOBBINS PATRICIA | FIRST FRANKLIN FIN CORP |
| 0010139373 | ASSIGNMENT | 02/22/2001 | PLATINUM HOME MTG CORP | WASHINGTON MUTU HOME LOANS |
| 0010139372 | MORTGAGE | 02/22/2001 | SIMMONS GRACE M | PLATINUM HOME MTG C |

| 0010139371 | TRUSTEES DEED | 02/22/2001 | LASALLE BK NATL ASSN TR / 60115102 | SIMMONS GRACE M |
| 00093570 | MORTGAGE | 02/07/2000 | LEJONVARN GRANT TR | COMMUNITY BK LAWNDALE |
| 99888161 | DEED IN TRUST | 09/20/1999 | AMERICAN NATL B&T CO CHGO TR / 1947 | AMERICAN NATL B&T CO CHGO TR / |

[1][2]

## COOK COUNTY RECORDER OF DEEDS DISCLAIMER

While the Cook County Recorder of Deeds (CCRD) attempts to keep this website up to date with existing law and policies, the CCRD c the accuracy of any of the information contained herein, including, but not limited to, database information and document images. Co guaranty the legality of the documents and database information contained herein and accepts no liability for any damages incurred, indirectly, incidental, punitive or consequential, as a result of any errors, omissions or discrepancies in any information published on t any use of this website, including, but not limited to use of on-line forms or affidavits.

Copyright © 2005 Cook County Recorder of Deeds. All rights reserved
For assistance with the use of this website, please click here rodsupport@cookcountygov.com 9:48:11, 603 5:54 Monda. 4, 2007 12:13:15 pm 6
CDT.

Page 1 of 2

# COOK COUNTY RECORDER OF DEEDS
## EUGENE "GENE" MOORE



RECORDER OF DEEDS — COOK COUNTY, ILLINOIS

INTERESTING LINKS
- HOME PAGE
- BIOGRAPHY
- LOCATIONS
- FEE SCHEDULE
- WHAT'S NEW
- FAQ
- SEARCH MENU

Grantor / Grantee
Document Number
Legal Search
PIN Search
Trust Number
Subdivision Search

Forms

View Purchased Documents

Support | Help | Document Container | Account Information | Search Menu

Add to Document Container

Documents for PIN 16-03-414-017-0000

Result Matches:(1 - 20 of 23)[Next]

| Document No. | Document Type | Date Recorded | Grantor/First No. | Grantee |
|---|---|---|---|---|
| 0703202054 | RELEASE | 02/01/2007 | CHASE HOME FIN LLC | RUIZ MERCEDES |
| 0703040038 | RECORD OF PAYMENT | 01/30/2007 | FIRST AMER TITLE INS CO | PUBLIC |
| 0703040039 | POWER OF ATTORNEY | 01/30/2007 | RUIS MERCEDES | CHACIN BRENDA |
| 0703040040 | MORTGAGE | 01/30/2007 | RUIS MERCEDES | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS I |
| 0020284407 | ASSIGNMENT | 03/13/2002 | OHIO SAV BK | CHASE MTG CO |
| 0010032866 | ASSIGNMENT | 01/12/2001 | MIDWEST BK | OHIO SAV BK |
| 00929539 | RELEASE | 11/28/2000 | FIRST UNION NATL BK DELAWARE | MERCADO LUCY |
| 00710295 | MORTGAGE | 09/13/2000 | RUIZ MERCEDES | MIDWEST BK |
| 00710294 | WARRANTY DEED | 09/13/2000 | MERCADO LUCY | RUIZ MERCEDES |
| 09171759 | MORTGAGE | 12/17/1999 | MERCADO LUCY | FIRST UNION HOME EQUITY BK |
| 09171758 | WARRANTY DEED | 12/17/1999 | OLAVE RODRIGO | MERCADO LUCY |
| 09124121 | WARRANTY DEED | 12/01/1999 | BANK NEW YORK TR | OLAVE RODRIGO |
| 99445491 | DEED | 05/07/1999 | JUDICIAL SALES CORP | BANK NEW YORK TR |
| 98952103 | ASSIGNMENT | 10/23/1998 | TMS MTG INC | BANK NY TR |
| 98611328 | ASSIGNMENT | 07/15/1998 | TMS MTG INC | BANK NY TR |
| 98468710 | LIS PENDENS | 06/04/1998 | BANK NEW YORK TR / 1997B | REESE WARDELLA |
| 97659588 | RELEASE | 09/08/1997 | HOMESIDE LENDING INC | MIPPERT LAWRENCE A |

| | 97606012 | MORTGAGE | 08/19/1997 | REESE WARDELLA | TMS MTG INC | $ 94,800 ☉☉ |
| | 97606011 | WARRANTY DEED | 08/19/1997 | BARREN DEMETRIUS | REESE WERDELLA | $105,000 ☉ |
| | 97570744 | WARRANTY DEED | 08/06/1997 | HIPPERT LAWRENCE | DEMETRIUS BARREN | $ 59,000 ☉ |

[ 1 ] [ 2 ]

## COOK COUNTY RECORDER OF DEEDS DISCLAIMER

While the Cook County Recorder of Deeds (CCRD) attempts to keep this website up to date with existing law and policies, the CCRD does not guaranty the accuracy of any of the information contained herein, including, but not limited to, database information and document images. CCRD also does not guaranty the legality of the documents and database information contained herein and accepts no liability for any damages incurred, whether directly, indirectly, incidental, punitive or consequential, as a result of any errors, omissions or discrepancies in any information published on this website or any use of this website, including, but not limited to use of on-line forms or affidavits.

Copyright © 2005 Cook County Recorder of Deeds. All rights reserved.

For assistance with the use of this website, please email here **rodsupport@cookcountygov.com** or call 312 603 ... Monday - Friday between the h ... and 5:00 p.m. CST.



# COOK COUNTY RECORDER OF DEEDS
## EUGENE "GENE" MOORE

Support | Help | Document Container | Account Information | Search Results

**HOME PAGE**
**BIOGRAPHY**
**LOCATIONS**

INTERESTING LINKS:
FEE SCHEDULE
WHAT'S NEW
FAQ
SEARCH MENU

Grantor / Grantee
Document Number
Legal Search
PIN Search
Trust Number
Subdivision Search

Forms

View Purchased
Documents

Add To Document Container

4735 W. Huron

Documents for PIN:16-10-104-010-0000

Result Matches:[1 - 20 of 25][Next ]

[ Back One ]

| | Document No. | Document Type | Date Recorded | Grantor / Trust No. | Grantee / Trust No. | |
|---|---|---|---|---|---|---|
| | 0619110069 | LIS PENDENS | 07/10/2006 | DEUTSCHE BK NATL TRUST CO TR | RODRIGUEZ DANIEL | b |
| | 0504533105 | WARRANTY DEED | 02/14/2005 | NAVARRO EDWARD | RODRIGUEZ DANIEL | 05 |
| | 0504533106 | MORTGAGE | 02/14/2005 | RODRIGUEZ DANIEL | MORTGAGE ELEC REGISTRATION SYSTEM | |
| | 0504533107 | MORTGAGE | 02/14/2005 | RODRIGUEZ DANIEL | MORTGAGE ELEC REGISTRATION SYSTEM | |
| | 0503502112 | MORTGAGE | 02/04/2005 | BROWN DOUGLAS | WASHINGTON MUTU BK | |
| | 0429516205 | WARRANTY DEED | 10/21/2004 | OMALLEY MICHAEL | NAVARRO EDWARD | |
| | 0325426012 | WARRANTY DEED | 09/11/2003 | FANNIE MAE | OMALLEY MICHAEL | |
| | 0313518068 | ORDINANCE | 05/15/2003 | CHICAGO | FED NATL MTG | |
| | 0312129216 | LIS PENDENS | 05/01/2003 | CHICAGO | GRYBOWSKI PIOTR | |
| | 0020650548 | ASSIGNMENT | 06/11/2002 | HOMESIDE LENDING | FEDERAL NATL MTG ASSN | 00 |
| | 0020630336 | LIS PENDENS | 06/05/2002 | FEDERAL NATL MTG ASSN | GRZYBOWSKI PIOTR | 00 |
| | 0020086135 | MORTGAGE | 01/22/2002 | GRZYBOWSKI PIOTR | HOMESIDE LENDING | |
| | 0020086134 | WARRANTY DEED | 01/22/2002 | KUBIK JAN | GRZYBOWSKI PIOTR | |
| | 0010647016 | LIS PENDENS | 07/19/2001 | CHICAGO CITY | ROBINSON RENAULT | |
| | 0010380074 | QUIT CLAIM DEED | 05/07/2001 | POCHYLSKI ROMAN | KUBIK JAN | |
| | 0010238291 | WARRANTY DEED | 03/26/2001 | CAPITAL TAX CORP | POCHYLSKI ROMAN | |
| | 0010197556 | DEED | 03/13/2001 | COOK COUNTY CLERK | CAPITAL TAX CORP | |

# COOK COUNTY RECORDER OF DEEDS

## EUGENE "GENE" MOORE

Support | Help | Document Container | Account Information | Search Menu

Add To Document Container

Documents for PIN:16-10-322-014-0000

Result Matches:[21 - 36 of 36][Previous ]

[Back One Page]

| Document No. | Document Type | Date Recorded | Grantor/Trust No. | Grantee/Trust No. | Print Document |
|---|---|---|---|---|---|
| 97731232 | RELEASE | 10/02/1997 | SUPERIOR BK | HUNT MAY | 97201329 |
| 97693654 | MORTGAGE | 09/19/1997 | SMITH LAMARTINE $108,000 | MERCANTILE MTG CO | |
| 97693653 | WARRANTY DEED | 09/19/1997 | BARREN DEMETRIUS $120,000 | SMITH LAMARTINE | |
| 97666018 | WARRANTY DEED | 09/10/1997 | HUNT JOEL  $55,000 | BARREN DEMETRIUS | |
| 97396060 | RELEASE | 06/04/1997 | SPRINGFIELD INSTITUTION SAV | HUNT JOEL | 96495986 |
| 97312400 | RELEASE | 05/05/1997 | CNETRAL CREDIT UNION IL | HUNT JOEL | |
| 97201329 | MORTGAGE | 03/24/1997 | HUNT MAY | SUPERIOR BANK | |
| 97153796 | RELEASE | 03/06/1997 | BORG WARNER ACCEPTANCE CORP | HUNT JOEL | |
| 95517713 | RELEASE | 08/07/1995 | FIRST ST BK | HUNT JOEL | 88102156 |
| 88514769 | ASSIGNMENT | 11/07/1988 | UNION MTG CO INC | COMMUNITY NATL BK | 88102156 |
| 88448852 | TRUST DEED | 09/29/1988 | CAPITOL B&T TR / 1227 | CHICAGO TITLE & TRUST CO / 721524 | |
| 88133637 | ASSIGNMENT | 03/31/1988 | WILSON BROS | UNION MTG CO INC | 88102156 |
| 88102156 | MORTGAGE | 03/10/1988 | HUNT JOEL | WILSON BROS CONST CO | |
| 87648601 | ASSIGNMENT | 12/08/1987 | ALLIANCE FUNDING CO | SPRINGFIELD INST SAV | 86495986 |
| 86495987 | RELEASE | 10/24/1986 | CITICORP HOMEOWNERS INC | HUNT JOEL | |
| 86495986 | MORTGAGE | 10/24/1986 | HUNT JOEL | ALLIANCE FUNDING CO | |

[1][2]

HOME PAGE
BIOGRAPHY
LOCATIONS
INTERESTING LINKS
FEE SCHEDULE
WHAT'S NEW
FAQ
SEARCH MENU

Grantor / Grantee
Document Number
Legal Search
PIN Search
Trust Number
Subdivision Search
Forms
View Purchased Documents

| | 98730838 | JUDGMENT | | BATEAST LUELLA |
|---|---|---|---|---|
| | 98534160 | LIS PENDENS | 06/23/1998 CHICAGO CITY | BATEAST MITCHELL |
| | 98479050 | DEED | 06/08/1998 JUDICIAL SALES CORP | BANK NEW YK TR / 1995 B |

| | | | 08/19/1998 CHICAGO CITY | |

94

[ 1 ] [ 2 ] [ 3 ]

## COOK COUNTY RECORDER OF DEEDS DISCLAIMER

While the Cook County Recorder of Deeds (CCRD) attempts to keep this website up to date with existing law and policies, the CCRD does not guaranty the accuracy of any of the information contained herein, including, but not limited to, database information and document images. CCRD also does not guaranty the legality of the documents and database information contained herein and accepts no liability for any damages incurred, whether directly, indirectly, incidental, punitive or consequential, as a result of any errors, omissions or discrepancies in any information published on this website or any use of this website, including, but not limited to use of on-line forms or affidavits.

© 2002 Cook County Recorder of Deeds, All rights reserved.
If you have any problem with the use of this website, please contact rodsupport@cookcountygov.com or call 312-603-5050 Monday - Friday between the hours of 8:30 and 4:30 p.m. CDT

# COOK COUNTY RECORDER OF DEEDS
## EUGENE "GENE" MOORE

Support | Help | Document Container | Account Information | Search Menu

HOME PAGE
BIOGRAPHY
LOCATIONS

INTERESTING LINKS
FEE SCHEDULE
WHAT'S NEW
FAQ
SEARCH MENU

Grantor / Grantee
Document Number
Legal Search
PIN Search
Trust Number
Subdivision Search

Policies

New Purchased
Documents

Add to Document Container

Documents for PIN 16-14-310-005-0000

Result Matches[1 - 2]

| Document No. | Document Type | Date Recorded | Grantor/Trust No. | Grantee |
|---|---|---|---|---|
| 0713835115 | COURT DOC | 05/18/2007 | CHICAGO | DOBBINS PATRICIA |
| 0711435005 | ASSIGNMENT | 04/24/2007 | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | US BK |
| 0705826147 | LIS PENDENS | 02/27/2007 | US BK | DOBBINSO PATRICIA |
| 0610856051 | RELEASE | 04/18/2006 | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | DOBBINS PATRICIA |
| 0610856059 | RELEASE | 04/18/2006 | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | DOBBINS PATRICIA |
| 0606749918 | MORTGAGE | 03/08/2006 | DOBBINS PATRICIA | MORTGAGE ELECTRONIC REGISTRA |
| 0606749019 | MORTGAGE | 03/08/2006 | DOBBINS PATRICIA | MORTGAGE ELECTRONIC REGISTRA |
| 0514606094 | ASSIGNMENT | 05/26/2005 | FIRST FRANKLIN FIN CORP | WELLS FARGO BK TR |
| 0514606095 | RELEASE | 05/26/2005 | WELLS FARGO BK TR | +DOBBINS PATRICIA |
| 0510846067 | MORTGAGE | 04/18/2005 | DOBBINS PATRICIA | MORTGAGE ELEC REGISTRATION SY |
| 0510846068 | MORTGAGE | 04/18/2005 | DOBBINS PATRICIA | MORTGAGE ELEC REGISTRATION SY |
| 0430822097 | MORTGAGE | 11/03/2004 | DOBBINS PATRICIA | LASALLE BK NA |
| 0411604173 | RELEASE | 06/08/2004 | WASHINGTON MUTU BK | SIMMONS GRACE M |
| 0406945152 | WARRANTY DEED | 03/09/2004 | SIMMONS GRACE M | DOBBINS PATRICIA |
| 0406945153 | MORTGAGE | 03/09/2004 | DOBBINS PATRICIA | FIRST FRANKLIN FIN CORP |
| 0010139373 | ASSIGNMENT | 02/22/2001 | PLATINUM HOME MTG CORP | WASHINGTON MUTU HOME LOANS |
| 0010139372 | MORTGAGE | 02/22/2001 | SIMMONS GRACE M | PLATINUM HOME MTG CORP |

3847 W

| | 0010139371 | TRUSTEES DEED | 02/22/2001 | LASALLE BK NATL ASSN TR / 60115102 | SIMMONS GRACE M |
| | 00093570 | MORTGAGE | 02/07/2000 | LEJONVARN GRANT TR | COMMUNITY BK LAWNDALE |
| | 99888161 | DEED IN TRUST | 09/20/1999 | AMERICAN NATL B&T CO CHGO TR / 1947 | AMERICAN NATL B&T CO CHGO TR / |

[ 1 ][ 2 ]

## COOK COUNTY RECORDER OF DEEDS DISCLAIMER

While the Cook County Recorder of Deeds (CCRD) attempts to keep this website up to date with existing law and policies, the CCRD c the accuracy of any of the information contained herein, including, but not limited to, database information and document images. CC guaranty the legality of the documents and database information contained herein and accepts no liability for any damages incurred, indirectly, incidental, punitive or consequential, as a result of any errors, omissions or discrepancies in any information published on t any use of this website, including, but not limited to use of on-line forms or affidavits.

Copyright © 2005 Cook County Recorder of Deeds. All rights reserved.
For assistance with the use of this website, please click here **rodsupport@cookcountygov.com** R al al 322 607 5:54 Monday   Entia request the h
CDT

# COOK COUNTY RECORDER OF DEEDS
## EUGENE "GENE" MOORE

Support | Help | Document Container | Account Information | Back to Menu

Add to Document Container

1511 S. TRUMBULL

**INTERESTING LINKS**
- HOME PAGE
- BIOGRAPHY
- LOCATIONS
- FEE SCHEDULE
- WHAT'S NEW
- FAQ
- SEARCH MENU

Grantor / Grantee
Document Number
Legal Search
PIN Search
Trust Number
Subdivision Search

Forms

View Purchased Documents

Documents for PIN:16-23-225-004-0000

Result Matches[1 - 20 of 28]0

| Document No. | Document Type | Date Recorded | Amount | Grantor / Trust No. | Grantee |
|---|---|---|---|---|---|
| 0535306056 | RELEASE | 12/19/2005 | | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | KRAWCZYK THOMAS |
| 0535054027 | RELEASE | 12/16/2005 | | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | KRAWCZYK THOMAS |
| 0532205264 | RECORD OF PAYMENT | 11/18/2005 | | KRAWCZYK THOMAS | PUBLIC |
| 0532205263 | MORTGAGE | 11/18/2005 | | KRAWCZYK THOMAS | LONG BEACH MTG CO |
| 0332926210 | MORTGAGE | 11/25/2003 | | KRAWCZYK THOMAS | MORTGAGE ELEC REGISTRATIO |
| 0332926209 | MORTGAGE | 11/25/2003 | | KRAWCZYK THOMAS | MORTGAGE ELEC REGISTRATIO |
| 0332926208 | TRUSTEES DEED | 11/25/2003 | | PRAIRIE B&T CO TR / 96036 | KRAWCZYK THOMAS |
| 0030074821 | DEED IN TRUST | 01/16/2003 | $52,000 | OMALLEY MICHAEL | PRAIRIE B&T CO TR / 96036 |
| 0021138669 | WARRANTY DEED | 10/17/2002 | | FV-1 INC | OMALLEY MICHAEL |
| 0020894277 | DEED | 08/14/2002 | | INTERCOUNTY JUDICIAL SALES CORP | FV-1 |
| 0010753151 | LIS PENDENS | 08/15/2001 | | NATIONSCREDIT FIN SERV CORP | POOLE MARY |
| 0010164037 | NOTICE | 03/01/2001 | | CHICAGO CITY | 1511 S TRUMBULL AVE |
| 00801539 | NOTICE | 10/13/2000 | | CHICAGO CITY | 1511 S TRUMBULL AVE |
| 00659471 | LIS PENDENS | 06/25/2000 | | NATIONSCREDIT FIN SERV CORP | POOLE MARY |
| 09132948 | RELEASE | 12/06/1999 | | SECOND FED S&L ASSN CHGO | POOLE MARY |
| 09090932 | WARRANTY DEED | 11/19/1999 | | UNIVERSAL PROPERTIES CORP | BANK LYONS TR / 3752 |
| 09090933 | MORTGAGE | 11/19/1999 | $135,000 | POOLE MARY | NATIONSCREDIT FIN SERV CO |

Page 2 of 2

| | 09026766 | WARRANTY DEED | 11/01/1999 | BANK NEW YORK TR | $ 38,000 | UNIVERSAL PROPERTIES |
| | 99407573 | DEED | 04/28/1999 | INTERCOUNTY JUDICIAL SALES CORP | — 0 — | BANK NEW YORK TR / 1997D |
| | 98891650 | ASSIGNMENT | 10/05/1998 | TMS MTG INC | | BANK NEW YORK TR / 1997D |

[ 1 ] [ 2 ]

## COOK COUNTY RECORDER OF DEEDS DISCLAIMER

While the Cook County Recorder of Deeds (CCRD) attempts to keep this website up to date with existing law and policies, the CCRD d guaranty the accuracy of any of the information contained herein, including, but not limited to, database information and document in CCRD also does not guaranty the legality of the documents and database information contained herein and accepts no liability for any damages incurred, whether directly, indirectly, incidental, punitive or consequential, as a result of any errors, omissions or discrepanc any information published on this website or any use of this website, including, but not limited to use of on-line forms or affidavits.

Copyright © 2005 Cook County Recorder of Deeds. All rights reserved.
For assistance with the use of this website, please click here rodsupport@cookcountygov.com or call 312-603-5159 (Monday - Friday, 8:30 a.m. to 5:30 p.m. CDT.