```
          UNITED STATES DISTRICT COURT
          NORTHERN DISTRICT OF ILLINOIS
                 EASTERN DIVISION
```

FILED
JUL 8 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DEMETRIUS BARREN,

        Petitioner,

v.

        08-1778

        Honorable Judge Joan B. Gottschall

UNITED STATES OF AMERICA,

        Respondent.

### PETITIONER'S REPLY

    **COMES NOW** Petitioner Demetrius Barren, **pro se**, who submits his REPLY to the Government's Response to his § 2255 motion. Petitioner asks this Court to reject the Government's asserted positions and Grant him relief in the form of either a new sentencing so that his sentence, (in Ground One), may be corrected and/or his Restitution amount may be corrected (in Ground Two). Alternatively, Petitioner asks this Court to hold an Evidentiary Hearing pursuant to Title 28 U.S.C. § 2255 and resolve any disputes this Court finds exist between the parties.

## PETITIONER'S FIRST REPLY

In his first Ground for Relief Petitioner clearly argued that his sentencing counsel, Mr. Levin, was constitutionally ineffective when he failed to properly object to and present evidence to this Court showing that the Loss Calculation Amount was erroneous resulting in Petitioner receiving an incorrect guideline range and sentence. Petitioner argued that the formula used by the government at sentencing may have been correct, but, the government's loss amount numbers (figures) were incorrect causing an incorrect sentence for Petitioner. Central to these allegations was/is an anthentic document from the Cook County Record of Deeds. (See Attached hereto). This document shows that all or at least $88,500 of the $108,000 loan given to Petitioner was recovered by the lender Mercantile Mortgage Company. (See highlighted area of attached document). On 3/16/2000, Mercantile Mortgae Company "Released" the property in question, (4454 W. West End), which essentially means that Mercantile "lost nothing" because they sold the $108,000 laon. This "Release" resulted in a "Quit Claim Deed" and, thus, the selling of this property for an amount of $88,500.

Here, this authentic document shows that the lender, Mercantile Mortgage Company, either lost nothing due to the full "Release" of this $108,000 loan, or they recovered at least $88,500 from the $108,000 loan amount.

In their response the government, beginning on page 7 of their response brief, argues that (1) Mr. Barren has not shown that his counsel's failure to introduce these documents resulted in prejudice, (2) that the document submitted by Mr. Barren in unauthenticated; and (3) the loss estimate by the government was conservative.

REPLY:

Clearly, Petitioner suffered prejudice. As argued on page 6 of his Memorandum, Petitioner eceived aa elevent (11) ponit enhancement based on the $808,710 loss amount. Yet, with an objection from counsel and submission of this evidence, (and other evidence), Petitioner would have only received a ten (10) point enhancement. This in turn would have lowered Petitioner's sentencing range from 51 months to 63 months to a sentencing range of 46 months to 57 months. A sentence at the low end would have resulted in a sentence of 46 months for Petitioner. As the Supreme Court stated in GLOVER v. UNITED STATES, any increase in a defendant's sentence due to counsel's failure to object to the court's error at sentencing constitutes prejudice under Strickland. Petitioner Barrens' sentence was increased five (5) months beyond a sentence he would have received with counsel's proper and timely objection. Hence, Petitioner suffered **Prejudice.**

Further, Petitioner Barren specifically asked both his sentencing counsel and appellant counsel to object to the loss amount and get copy of the Records to the properties. However, neither counsel did as Petitioner requested. Petitioner notes, however, that his Appellant counsel noted Petitioner's concern in filing Petitioner's direct appeal. (See Document E attached hereto).

The government questions the authenticity of the Cook County Deed submitted by Petitioner and the hand wriiten notes. The question of whether the document is authentic can easily be answered by respondent retreiving a copy for themselves from the Cook County Record of Deeds. Nevertheless, Petitioner state here under the penalty of perjury that such document is indeed authentic.

Finally, the government argues that their loss estimation amount was conservative given that there were some nineteen additional properties to which lender suffered loss. Whether these properties can or cannot be said to be attributed to Petitioner is not before this Court. However, Petitioner argues that many, if not all, of the alleged nineteen properties, or the tranctions involving these properties, occurred prior to the commencement of the indictment in this case. Further, the lenders of these properties fully recoved any possible loss through full resale or through "Release" of the loan. Petitioner's

also argues that what is before this Court is the question of "whether the loss amount leading to Petitioner's 51 month prison sentence is correct" and not whether the government can put additional property loss amounts on Petitioner. Clearly, the loss calculation amount in which Petitioner received his 51 month prison is at issue.

In sum, this Court must reject the government's attempts to distort Petitioner's clear arguments and grant Petitioner the relief he seeks.

## PETITIONER'S SECOND REPLY

In his second claim for relief Petitioner argued that (a) his counsel was ineffective for failing to object to those entities that were alleged by the government to be victim of his offense and, (b) for failing to object to the amounts the victims alleged to have lost.

In responding to these claims the government places emphasis on the seventh circuit decision of Barnickel v. U.S., 113 F.3d 704 (7th Cir. 1997), and its concerns witha defendant raising a claim of restitution for the first time in a 2255 proceeding.

REPLY

First, Restitution is apart of Petitioner's sentence, therefore, proceeding under § 2255 should be allowed. § 2255 reads in relevant part that: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, ,,,, may move the court whihc imposed the sentence to vacate, set aside or correct the sentence." Petitioner is claiming that due to his denial of his sixth amendment right to effective assistance of counsel the restitution aspect of his sentence was imposed in violation of the laws or Constitution of the United States.

Second, This Court must hear Petitioner's claims if he can show reasons for his failure to raise the issue earlier. As Petitioner stated in his sworn affidavit, he requested both his sentencing counsel and appellant counsel to present such a claim to the district court or the court of apeals and neither did so. Again, Petitioner's appellant counsel noted in his appellant brief that he was unable to present such issue.

Finally, this Court must hear this issue concerning the erroneous Restitution amount based on the following exceptional circumstances.

    (A) Absent this Court's correction of the alleged victims and amounts Petitioner will unjustly and

unlawfully be required to pay individuals who are not vitims of his offense and, to pay amounts beyond what was loss; and

(B) Petitioner will be burdened to make such payments once on Supervised Release which could lead to Petitioner being re-incercerated for any failure to pay individuals and amounts not required by law and/or §3664.

Here, the record shows that both the alleged victims of Petitioner's offense and the amounts that were alleged to be lost by these victims are incorrect, thus, making Petitioner's sentence incorrect.

For all the reasons set forth herein Petitioner asks this Court to grant his request for either a new sentencing or an evidentiary hearing pursuant to Title 28 U.S.C. § 2255.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the forgoing has been mailed first-class U.S. Mail on this 29th day of June, 2008, to the U.S. Attorney's Office at 219 South Dearborn Street, Chicago, Illinois 60604.

Respectfully submitted,

*[signature]*

C.   **Sentencing Issues**

The only other issues which present themselves on appeal are the District Court's sentencing. The first issue counsel reviewed is the amount of loss. This analysis was pertinent for both the calculation under the guideline ranges and also for restitution. The Supplemental Report, dated September 1, 2005, to the Presentence Report, analyzes the principal balances of the mortgages and losses relating to the properties. It appears that HomEq Mortgage Loan Servicing did not consider whether the residue value of the properties, which might be realized through a foreclosure sale or other means, should be deducted from this amount. However, this issue was not explored, and there is no record to support such an analysis. Counsel for the Defendant certainly had an opportunity to present evidence that the value of the properties was significant or that the loss calculations were incorrect, but no such evidence is in the record, and therefore, it is impossible to prevail on the argument that the amount of the loss should have been a different figure. Therefore, the court acted within its discretion in adopting the loss figures as reported by the three mortgage companies. This analysis serves for both the guideline calculation and the actual imposition of restitution.

Page 1 of 2

4454 W. West-End

# COOK COUNTY RECORDER OF DEEDS
## EUGENE GENE MOORE

Support | List | Documents/List

**NAVIGATION LINKS**
- HOME PAGE
- BIOGRAPHY
- LOCATIONS
- FEE SCHEDULE
- WHAT'S NEW
- FAQ
- SEARCH MENU

Grantor / Grantee
Document Number
Legal Search
PIN Search
Trust Number
Subdivision Search

Forms

View Purchased Documents

[Back One Page]

Result Matches:[1 - 20 of 36] [Next]

Documents for PIN:16-10-322-014-0000

| Document No. | Document Type | Date Recorded | Grantor/Trust No. | Grantee/Trust No. | |
|---|---|---|---|---|---|
| 0632147060 | WARRANTY DEED | 11/17/2005 | CHOICE LLC | FAHA CO LLC | |
| 0518945112 | DEED | 07/08/2005 | COOK COUNTY CLERK | CHOICE LLC | 0010165 |
| 0518945117 | RELEASE | 07/08/2005 | CHICAGO | STARKS JAMES C | |
| 0021092541 | LIEN | 10/04/2002 | CHICAGO | STARKS JAMES C | 002230 |
| 0011556926 | LIEN | 12/07/2001 | CHICAGO | STARKS JAMES C | 002230 |
| 0010163647 | LIEN | 03/01/2001 | CHICAGO CITY | EQUICREDIT CORP AMER | 091701 |
| 00921013 | ASSIGNMENT | 11/22/2000 | MORTGAGE EXPRESS INC | DANIELS JOHNNIE | |
| 00918986 | LIS PENDENS | 11/21/2000 | EQUICREDIT CORP AMER | STARKS JAMES C | |
| 00246249 | AMENDMENT | 04/07/2000 | CHICAGO CITY | MORTGAGE EXPRESS INC | |
| 00223036 | MORTGAGE | 03/30/2000 | DANIELS JOHNNIE $86,500 | STARKS JAMES C | 976920 |
| 00190087 | QUIT CLAIM DEED | 03/16/2000 | UNKNOWN | UNKNOWN | |
| 00189611 | RELEASE | 03/16/2000 | MERCANTILE MTG | CHICAGO RECEIVERS CARETAKER ASSOC | |
| 00184416 | WARRANTY DEED | 03/15/2000 | SMITH LAMARTINE | DANIELS JOHNNIE | |
| 00184415 | WARRANTY DEED | 03/15/2000 | CHICAGO RECEIVERS CARETAKER ASSOC | UNKNOWN | 97092 |
| 00108842 | RELEASE | 02/14/2000 | MERCANTILE MTG CO | CHICAGO CITY | |
| 09170130 | LIS PENDENS | 12/16/1999 | STARKS JAMES C | 4454 W WEST END AVE | |
| 99972400 | NOTICE | 10/15/1999 | CHICAGO CITY | | |

Page 1 of 2

# COOK COUNTY RECORDER OF DEEDS
## EUGENE "GENE" MOORE

Support | Help | Document Container | Account Information | Search Menu

[Add To Document Container]

Result For:[00223036]

[Previous Document]    [Back One Page]
                        [Next Document]

| Document No. | Executed | Recorded | Document Type | Case No. | Amount |
|---|---|---|---|---|---|
| 00223036 | 03/17/2000 | 03/30/2000 | MORTGAGE | | $88,500.00 |

**Legal Description**

Section-Township: 10-39-13          SubDiv-Condo: WESTCLL/23-26R/
Lot #: 3          Block #:          Part of Lot:

**Property Description**

16-10-322-014-0000  UPIN

| Grantor(s) | Name: DANIELS JOHNNIE | Trust Number:- |
|---|---|---|
| Grantee(s) | Name: MORTGAGE EXPRESS INC | Trust Number:- |

Grantor / Grantee
Document Number
Legal Search
PIN Search
Trust Number
Subdivision Search

Forms

View Purchased Documents

HOME PAGE
BIOGRAPHY
LOCATIONS
INTERESTING LINKS
FEE SCHEDULE
WHAT'S NEW
FAQ
SEARCH MENU