UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JUL 31 2008
Jul 31, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DEMTRIUS BARREN,

    Petitioner,

vs.

    Case No.: 1:08-cv-01778

UNITED STATES OF AMERICA,

    Respondent.

------------------------------/

## MOTION TO SUPPLEMENT PLEADINGS
## PURSUANT TO FED. R. CIV. PRO. 15(d)

**COMES NOW** Petitioner Demetrius Barren, pro se, who respectfully moves this Court to allow him to Supplement his pleadings in his § 2255 motion now before the Court with additional facts and with the recent Seventh Circuit Court of Appeals decision of U.S. v. ALLEN, 529 F.3d 390 (7th Cir. 2008).

Recently, the Seventh Circuit Court of Appeals discussed in dept the proper steps or procedures for court's in determining Restitution amounts. In their discussion the Court made reference to serveral matters of significant relevance to Petitioner's claims set forth in his § 2255 pleadings; initial Memorandum and his Reply brief.

page 1

**First**, The Seventh Circuit made clear that "as part of the government's burden of demonstrating losses suffered by the victim, the government must deduce any value that a defendant's frsudulent scheme imparted to the victims." id. at 396 (quoting) United States v. Swanson, 493 F.3d 509, 515 (7th Cir. 2007); Swanson, 394 F.3d at 527-28.

Based on this demand the government should have deduced the value of any property returned to the victims of Petitioner's offense. This the government clearly didi not do in Petitioner's case. Further, and as pleaded in his § 2255 pleadings, Petitioner's sentencing counsel failed to make an objection to this obvious Restitution Calculation.

**Second**, in reachinh its decision the Seventh Circuit Court of Appeals clearly indicated that where there is no strategic reason for failing to objection at sentencing to Allen's erroneous Restitution Calculation amount "Allen's attorneys could be faulted for 'their' omission." id. at 395 (emphasis added). ("If a specific objection was not raised at sentencing, we will view it as having been waived if the defendant had a strategic reason to forgo the argument, that is, only if the **defendant's counnsel would not be deficient** for failing to raise the objection.") Allen, id. at 395 (emphasis added).

Here, the Court of Appelas for the Seventh Circuit makes clear that a criminal defendant's attorney "can be held as performing deficiently or be held at fault for failing to raise an objection to an erroneous Restitution Calculation Award." In Petitioner's case this is precisely what he has argued in his § 2255 pleadings, i.e., his counsel was constitutionally ineffective for failing to challenge an erroneous Restitution Calculation Amount which resulted in Petitioner being required to pay an amount the law does not require for him to pay.

Finally, the <u>Allen</u> case makes clear that the Court itself to determine loss based on "actual loss." (" ... for restitution purposes the statute implicitly requires that the restitution award be based on the amount of loss actually caused by the defendant's offense." <u>Allen</u> at 396.

For the reasons set forth herein, Petitioner moves this Court to allow him to Supplement his § 2255 pleadings currently before this Court with the facts herein and the recent Seventh Circuit decision of <u>U.S. v. ALLEN</u>.

WHEREFORE, Petitioner prays that his request herein will be granted and incorporated into his other pleadings nor before this Court.

Respectfully Submitted,

_[signature]_

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the forgoing has been mailed first class U.S. Mail, postage prepaid, on this 25th day of July, 2008, and mailed to the U.S. Attorney's Office Chicago, Illinois.

## SWORN DECLARATION

I declare of the penalty of perjury that the information contained herein is true and correct to best of my knowledge. This case law from the Seventh Circuit presented herein and the facts were not available to me until July 19th, 2008. Otherwise such information would have been submitted earlier.

Respectfully submitted,